Sorg. & R.
3sr 267
142    73

3 SR  267
208      ²422

</div>

<div align="center">

MILLER and others *against* MILLER.

IN ERROR.

</div>

ERROR to the Common Pleas of *Lebanon* county.

This was an issue of *devisavit vel non* directed from the register's court to try the validity of an instrument of writing, purporting to be the last will and testament of *Michael Miller*, deceased. On the trial in the Court below, the defendants offered to prove, that subsequent to the execution of the will, *John Miller*, one of the devisees in the said will, and one of the plaintiffs below, with whom the testator lived, had by various discourses, intimated, that he had procured the said will to be made, and that the same was read to him, the said *John Miller*, and that he, the said *John Miller*, had

<div align="right">

*Lancaster.*

*Saturday.*
October 11.

AT AN
ADJOURNED
COURT.

Evidence is
not admissible
to shew, that
one of the de-
visees had, by
various dis-
courses, *inti-
mated,* that he
had procured
the will to be
made, and
that it was
read to him,
and that he
had given the
reason why
his brothers
and sisters got
so small a por-
tion.
A man has

</div>

a right, by fair argument and persuasion, to induce another to make a will, and even to make it in his own favour.

*Query,* whether declarations by one of the devisees in a will, are evidence against the other devisees?

given the reason why his brothers and sisters had got so small portion. This evidence was objected to by the plaintiffs, and over-ruled by the Court, and a bill of exceptions was taken.

*Wright*, for the plaintiff in error. The error we complain of, is in the Court's rejecting the evidence as to the declarations of *John Miller*. He is a party in the suit and in interest, and his declarations were the best evidence. He cited 2 *Johns.* 31.

*Weidman* and *Godwin*, contra. The declarations of one devisee cannot be evidence against another devisee, on the issue *devisavit vel non*, though they might be evidence in ejectment. Each devisee is interested only so far as respects the devise to himself, not as to others. In *Phelps* v. *Hartwell*,(a) it was held, that the declaration of a devisee, that in his opinion the testator was not of sound mind, was not evidence. It does not appear, that *John Miller* was interested in supporting the will. The devise of 300 acres of land to him was charged with 3500 pounds. It would be exceedingly dangerous to allow a devisee to destroy the will by his declarations. Besides the matter offered to be proved in this case was not material. It was only, that *John Miller* procured the will to be made. Now one may by honest intercession procure the testator to make a will in his favour. 7 *Bac. Ab.* 304. The evidence offered is no more than, that *John Miller intimated*, that he had procured the will to be made. This is not material. They cited also 3 *Mass. Rep.* 330, that none but the subscribing witnesses to a will can be asked, whether in their opinion the testator was sane or not.

*Reply.* The evidence that *John Miller* procured the will should have been received. Whether he had procured it by fair or foul means was for the jury to judge. In the case of *Phelps* v. *Hartwell*, a majority of the Court rejected the evidence, because opinion was not evidence. As to the consequences, they may, under some circumstances be inconvenient, let the decision be either way. Suppose one devisee to have every thing given him but a trifle ; shall not his declara-

(a) 1 *Mass. Rep.* 71.

tions be evidence? If not, he may protect himself by inserting in the will a small devise to another person.

TILGHMAN C. J. The trial in this case was had, on an issue from the register's court of *Lebanon* county, to decide on the validity of a certain writing, exhibited as the last will and testament of *Michael Miller*, deceased. The defendants offered evidence to prove, that *John Miller*, one of the plaintiffs in the issue, and a devisee in the writing set up as a will, had, after the execution of the said writing, "by various dis-"courses, *intimated*, that he had procured the said will to be "made, and that the same was read to him, and that he had "given the reasons why his brothers and sisters had got so "small a portion." This evidence was objected to by the counsel for the plaintiffs and rejected by the Court, to whose decision an exception was taken. A question has been made, whether any declarations of one of the devisees in a will, are evidence against the other devisees. This question, it is unnecessary to decide, because it appears to me, that the evidence offered, was so vague, indefinite, and immaterial, that it ought not to have been received. It was not even offered to be proved, that *John Miller had said*, that he procured the will to be made, but only that he had *intimated it*. Besides, *the procuring a will to be made*, unless by foul means, is nothing against its validity. Neither was it at all material, that the will was read to *John Miller*, or that he had given the reasons why his brothers and sisters had got so small a portion. Hearing the proof of all these things would have been wasting time to no purpose. A man has a right, by fair argument, or persuasion, to induce another to make a will, and even to make it in his own favour. If any improper artifice or fraud had been practised, and it was intended to prove, that *John Miller* had confessed it, it should have been so stated. The Court is not to presume, that any thing else will be proved, than what is opened by the party who offers the evidence. In this case, what was opened was irrelevant, and I am, therefore, of opinion, that the evidence was properly rejected.

GIBSON J. concurred.

DUNCAN J. The evidence offered on this issue, to try the

validity of a paper purporting to be the last will of *Michael Miller* was, that *John Miller*, a devisee and plaintiff, and the person with whom the testator had lived, had, by various discourses, intimated, that he had procured the will to be made ; and that the will was read to him ; and that he had given the reasons why his brothers and sisters had got so small a portion.

The evidence was offered in too loose a shape. What discourse had *John Miller?* What did he say ? The discourses and conversations are not stated. *Intimation* is a conclusion from some thing said—that something should have been stated ; " intimated, by his discourse, that he had " procured the will to be made." How intimated? By what means procured? Is it pretended, that *John Miller* intimated, that he had procured the will by unlawful means ? Influence, persuasion, may be fairly used. A will may be honestly procured. Many wills, indeed, would be destroyed if you inquire into the degrees of influence and persuasion. A will procured by circumvention, will be set aside ; but a will procured by honest means, by acts of kindness, attention, and by importunate persuasion, which delicate minds would shrink from, would not be set aside on this ground alone. Having the will read to him, and the reason he gave why his brothers and sisters had so small a portion, surely this could not be material evidence to invalidate the will. If the testimony offered ought to have had no weight with the jury ; tended to prove nothing pertinent to the issue ; it would be immaterial. If immaterial it has properly been rejected. It would tend to protract a trial, to confound a jury, were all idle, loose, impertinent, and immaterial conversations of a party to be received in evidence. It would embarrass, perplex, and confound the jury ; render the trial tedious and expensive, without shedding one ray of light on the issue. If this evidence was admitted to be heard by the jury, the Court must have directed the jury to discard it from their minds. It was, therefore, most properly rejected in the first instance, and the judgment must stand.

*Judgment affirmed.*