MILTON DICKIE *et al.*
*v.*
JAMES H. CARTER.

1. WILLS—*when entitled to probate.* To entitle a will to probate, four things must concur,—first, it must be in writing, and signed by the testator or testatrix, or in his or her presence, by some one under his or her direction; second, it must be attested by two or more credible witnesses; third, two witnesses must prove that they saw the testator or testatrix sign the will in their presence, or that he or she acknowledged the same to be his or her act and deed, and, fourth, they must swear that they believed the testator or testatrix to be of sound mind and memory at the time of signing and acknowledging the same.

2. The statute of wills nowhere makes the publication of a will necessary, nor does it require any declaration by the party executing it that it is his will; so that the subscribing witness need not know that he has been attesting the execution of a will.

3. Sanity—*evidence not admissible.* Testimony which had reference to the condition of the mind of the testatrix long after she had made a will, and which did not tend to show such unsoundness of mind as would invalidate the writing as her will, was properly rejected.

4. Improper influences—*when may vitiate a will.* A person of sound mind and memory can dispose of his property by will as he may choose. Hence, there must be no fraud or contrivance shown to induce a party to make a will in a particular way; but, if all is fair, and the result of honest argument and persuasion, or of such influence as one may properly obtain over another, the will must stand.

5. Though the devisee may have had improper intercouse with the testatrix, that of itself, however immoral such a relation may be, is not sufficient to invalidate a will in favor of the wrong-doer, if no improper influences are shown to have been exerted to induce the will.

6. Parol *declarations cannot be received to invalidate a will.* As with deeds, so with wills,—the parties making them cannot invalidate them by their own parol declarations, made either previously or subsequently; and evidence of such declarations is properly excluded from the jury, when the validity of the will is on trial.

Writ of Error to the Circuit Court of Alexander county; the Hon. William H. Green, Judge, presiding.

At the September Term, 1865, of the County Court of Alexander county, James H. Carter produced an instrument purporting to be the last will and testament of Elizabeth Burnett, deceased, and asked that the same be admitted to record as such. The heirs at law contested the will, and the County Court refused to record it. From that decision Carter appealed to the Circuit Court of Alexander county. The case was tried at the June Term, 1866, by a jury, who found the instrument in question to be the will of Elizabeth Burnett. A judgment was rendered in accordance with the finding of the jury, and the heirs at law now prosecute this writ of error to reverse that judgment. The facts of the case, as disclosed in the evidence, are fully stated in the opinion of the court. The court below gave the jury, in behalf of the plaintiff, the following instructions:

"1. The court instructs the jury, that, where the party insisting on the probate of a will has established the sanity of the

testator or testatrix by the oath or affirmation of the subscribing or attesting witnesses, and the will was legally executed, a *prima facie* case is then made out, and the party seeking to contest the will on the ground of insanity, fraud, compulsion, or any other cause, takes the burden of proof of such facts set up, and such party must prove the fact of insanity, fraud, compulsion, or other cause, by satisfactory testimony; and if the question be left equally balanced by the evidence, your verdict should be in favor of the validity of the will.

" 2. The court instructs the jury, that, if they believe, from the evidence, that the will in controversy is the will of Elizabeth Burnett, signed or acknowledged by her in the presence of two witnesses, and that such signing and acknowledging was not caused by fraud or compulsion, or other improper conduct, you should find that the will in controversy is the will of Elizabeth Burnett.

" 3. The only question in this case is as follows: Is the will in controversy the will of Elizabeth Burnett? and your verdict will be either that it is, or is not, the will.

" 4. The court instructs the jury as a matter of law, that a party has the right to make disposition of his estate by will, and so devise his estate as to divest those who otherwise would be legal heirs of their interest, and the object of a last will and testament is to enable the testator or testatrix to devise his or her property, as he or she may please.

" 5. Illicit sexual intercourse between a testatrix and her devisee, however immoral and illegal it may be, does not necessarily render invalid the will of such testatrix, if her will was made by her with sound and disposing memory and free agency.

" 6. The court instructs the jury, that it devolves upon the plaintiff in this case to prove by two witnesses that Elizabeth Burnett signed or acknowledged the will in question to be her act and deed, and that she was at the time of sound mind and memory.

" 7. The court instructs the jury, that, in order to invalidate a will on the ground of fraud, compulsion or other improper

influences, it must be of such a character as to entirely destroy free agency on the part of the testator.

" 8. The court instructs you, that, if you believe, from the evidence given by the subscribing witnesses, that Elizabeth Burnett signed the paper purporting to be her will, in the presence of the subscribing witnesses, and acknowledged it to be her act and deed to the other, and they subscribed the same as such witnesses in her presence, and that if she was of sound mind and memory at the time, this is a compliance with the law and is *prima facie* evidence of the due execution of the will.

" 9. It is not unlawful for a man, by honest intercession and persuasion, to procure a will in favor of himself or any other person, neither is it unlawful to induce the testator by fair speeches and kind conduct, for, though persuasion may be employed to induce or influence the disposition in a will, this does not amount to that kind of compulsion or improper conduct, which in a legal sense would render invalid the will, but to have such effect it must amount to a moral force and coercion, destroying free agency. It must not be the influence of affection and attachment; it must not be the mere free desire of gratifying the wishes of another, but the compulsion in this case, which is essential to render a will invalid, must be of such a degree and character as to prevent the exercise of that discretion which is essential to a disposing mind.

" 10. The court instructs the jury, that it is wholly immaterial whether Fitzgerald understood the nature or character of the instrument purporting to be the will of Elizabeth Burnett at the time of attesting the same; if you find he did attest the instrument in question, and that she acknowledged the same to be her act and deed, the law does not require that the attesting witnesses of a will should know at the time that the instrument attested by them is a will.

" 11. The court instructs you, that it is not necessary that subscribing witnesses to a will should know the contents of the instrument, but that, if the testatrix acknowledged the will to be her act and deed, it is a sufficient acknowledgment, and, if

the other requisites of the statute have been complied with, it is a good execution of the will.

"12. Although the fact that the testator makes a will in favor of one not a relative may be suspicious, nevertheless, a will is not thereby rendered invalid, and, if the testator was sane, the will can only be evidenced invalid in this case by proof of fraud, compulsion or other improper conduct."

The court then gave the following instructions at the instance of the defendant:

"1. If the jury believe, from the evidence, that Carter, the plaintiff, before the time it is claimed the will was executed, had illicit intercourse with Elizabeth Burnett, this fact, if proven by positive or circumstantial evidence, may be considered by the jury in determining the question whether the will was the result of fraud or compulsion practiced upon deceased by the plaintiff.

"2. If the jury believe, from the evidence, that Elizabeth Burnett, at the time it is claimed the will was made by her, was laboring under such a delusion as to prevent her from appreciating or understanding the scope and consequences of her acts, the verdict should be that it was not the will of Elizabeth Burnett.

"3. The court instructs the jury, that a bare acknowledgment by Elizabeth Burnett, that her name to what is claimed to be her last will was her signature, is not a sufficient compliance with the statute which requires an acknowledgment on her part that it was her act and deed." To which the court added: "Unless you believe that by acknowledging she had signed the will in question, she meant the will was her act and deed.

"4. To witness a will means something more than signing, and, if one of the persons called upon to witness the paper in question did not see it signed by Elizabeth Burnett, nor hear her acknowledge it to be her act and deed, and these necessary facts have not been proven, the verdict should be that the will in question is not the will of Elizabeth Burnett.

"5. The court instructs the jury, that, if you believe, from all the evidence and circumstances proved in the case, that Elizabeth Burnett was, by any fraud or compulsion, or improper conduct over her, induced or influenced to make the paper claimed to be her will by James H. Carter, you should find that the will in question is not her will.

"6. If the jury believe, from the evidence, that Elizabeth Burnett, at the time it is claimed the will was made, was not of sufficiently sound mind and memory to make a will, the jury will find that the will in question is not the will of Elizabeth Burnett."

To which instructions, as modified by the court, and given for defendant, the defendant excepted; and to the giving of the instructions for the plaintiff, the defendant also excepted.

Messrs. ALLEN & WEBB, and O'MELVENY & HOUCK, for the plaintiffs in error.

1. Two witnesses must attest a will, both knowing at the time that the instrument is a will. *Swift* v. *Wiley*, 1 B. Mon. 117; *Gerrish* v. *Nason*, 22 Maine, 438; *Sweet* v. *Boardman*, 1 Mass. 258; *White* v. *The British Museum*, 3 M. & Pay. 689; *Ellis* v. *Smith*, 1 Ves. Jr. 11; *Deu* v. *Milton*, 7 Halst. 70; *Cilley* v. *Cilley*, 34 Maine, 162; *Brinkerhoff* v. *Runsen*, 8 Paige, 488; *Brown* v. *De Selding*, 4 Sandf. S. C. 10; *Whitbeck* v. *Patterson*, 10 Barb. 908; *Nipper* v. *Groesbeck*, 22 id. 670; *Jay* v. *Kennedy*, 1 Watts & Serg. 326.

2. Before a will can be admitted to probate, the party claiming under it must establish sanity by the oath of two witnesses, and the burden of proof is upon him. Jarman on Wills, 75, and cases there cited; *Riggs et al.* v. *Wilton*, 13 Ill. 19; *Walker* v. *Walker*, 2 Scam. 294.

3. Where the testimony shows that the mind of the alleged testatrix was impaired, and that, in her actions, she was controlled by another person, the court will not say she was a competent person to make a will. Redf. on Wills, 72; *Marsh*

v. *Tyrrell,* 2 Hagg. 122; *Dew* v. *Clark,* 3 Add. 207; Jarman on Wills, 60; 5 Russ. Ch. Pr. 163; *Potts* v. *Hoose,* 6 Serg. 324; *Townshend* v. *Townshend,* 7 Gill. 10; *Mountrin* v. *Bennett,* 1 Cox, 356; *McTaggart* v. *Thompson,* 2 Har. 149.

4. A will made at the instance of a party, and in his favor, must be established by the strictest proof. Jarman on Wills, 42; *Garrish* v. *Nason,* 22 Maine, 538; *Harrison* v. *Rown,* 3 Wash. C. C. 588; Shelford on Lunacy, 319; *Miller* v. *Miller,* 3 Serg. & Rawle, 267; *Small* v. *Small,* 4 Greenl. 220; *Lowe* v. *Williamson,* Green's Ch. 82.

5. A will contrary to natural duty and affection, and as a recompense for a lewd passion, is invalid or against the regular succession. Redf. on Wills, 121; *Dean and wife* v. *Negley et al.,* 5 Wright; 1 Williams on Exec. 33; *Montfiore* v. *Montfiore,* 2 Addams, 361, 462; *Goble* v. *Grant,* 2 Greenl. Ch. 629.

6. The first instruction was erroneous, because it was only an abstract proposition of law. *Bethune* v. *McGreary,* 8 Serg. 114; *Borard* v. *Christy,* 2 Harris, 267. Because it assumed the sanity of the testatrix. *Fay* v. *Brimstead,* 10 Barb. 321. Because it asserts, that, if the evidence is equally balanced, the jury must find the paper a will. *Riggs et al.* v. *Wilton,* 13 Ill. 17; *Haydon* v. *Haydon,* 6 J. J. Marsh, 48; *Roger* v. *Thomas,* 1 B. Mon. 390. And because it virtually assumes the paper to be a will. *Frasure* v. *Zimmerly,* 25 Ill. 202.

7. Any fraud, any compulsion, any undue influence, however limited, would invalidate a will. *Floyd* v. *Floyd,* 3 Strobb. 44; *Woodward* v. *James,* id. 552; *Davis* v. *Calvert,* 5 Gill. & J. 269; *Taylor* v. *Wilburn,* 20 Mo. 306. Proof of immoral sexual intercourse is a strong circumstance to prove that other than fair and virtuous persuasion was used to obtain it. *Denton* v. *Franklin,* 9 B. Mon. 28.

Messrs. MULKEY, WALL & WHEELER, for the defendant in error.

1. The proof of execution in this case meets every requirement of the law. *Chaffee* v. *Bap. Miss. Conv.,* 10 Paige Ch. 85; *Green* v. *Crain,* 12 Gratt. 252.

2. A *prima facie* case of sanity being here established by the testimony of the subscribing witnesses, the burden of proof of insanity is on those contesting the will. *Brooks* v. *Barrett,* 7 Pick. 94 ; *Sloan* v. *Maxwell,* 2 Green Ch. 580 ; *Chandler* v. *Ferris,* 1 Harr. 454, 461.

3. Again, the contestants in this case, by alleging insanity, took the burden of proof. *Jackson* v. *King,* 4 Cowen, 207 ; *Blaney* v. *Sargent,* 1 Mass. 336 ; *Buckminster* v. *Perry,* 4 Mass. 593 ; *Hubbard* v. *Hubbard,* 6 id. 397.

4. A will procured by fair argument and persuasion will not be set aside ; the influence to vitiate a will must amount to force and coercion, destroying free agency. *Williams* v. *Gonde,* 1 Hag. 581 ; *Bird* v. *Bird,* 2 id. 142 ; *Constable* v. *Tafner,* 4 id. 485 ; *Floyd* v. *Floyd,* 3 Strob. 44 ; *Potts* v. *House,* 6 Geo. 324 ; *Leverett* v. *Carlisle,* 19 Ala. 80 ; *Gardner* v. *Gardner,* 22 Wend. 526 ; *Brown* v. *Mollison,* 3 Wh. 129 ; *Miller* v. *Miller,* 3 Serg. & Rawle, 267 ; *Small* v. *Small,* 4 Greenl. 220 ; *Trumbull* v. *Gibbons,* 2 Zab. (N. J.) 117 ; *Lowe* v. *Williamson,* 1 Green's Ch. 82 ; *Farr* v. *Thompson,* Cheves, 37.

5. Wills cannot be defeated, or even impeached, by the parol declarations of the testator. *Jackson* v. *Kniffer,* 2 Johns. 31 ; *Stevens* v. *Vandere,* 3 Wash. C. C. 465 ; *Provis* v. *Rowe,* 13 Eng. Com. L. 490 ; *Comstock* v. *Hadlyme,* 8 Conn. 263.

6. The first instruction is given in the language of the authorities. *Brooks et al.* v. *Barret et al.* 7 Pick. 94 ; 2 Greenl. on Evid. § 688 ; 2 Jarman on Wills (Perkins' ed.) ch. 3.

7. The verdict of a jury will not be set aside, merely because the evidence might incline the mind of the court to a different result. *Dawson* v. *Robbins,* 5 Gilm. 72 ; *Evans* v. *Fisher,* id. 569 ; *Sullivan* v. *Dollins,* 13 Ill. 85 ; *Allen* v. *Smith et al.,* 3 Scam. 97 ; *Johnson* v. *Moulton,* 1 id. 532 ; *Lowry* v. *Orr et al.,* 1 Gilm. 70, 84 ; *Schwab* v. *Gingrich,* 13 Ill. 697 ; *Blanchard et al.* v. *Morris,* 15 id. 35 ; *Wallace* v. *Wren,* 32 id. 146 ; *White* v. *Clayes,* id. 325 ; *Henry* v. *Eddy,* 34 id. 508 ; *Chicago & R. I. R. R.* v. *Hutchins,* id. 108 ; *Leigh* v. *Hodges,* 3 Scam. 18 ; *Smith* v. *Shultz,* 1 id. 491 ; *Gillett* v. *Sweat,* 1 Gilm. 475 ; *McConnell* v. *Kibbe,* 33 Ill. 175.

Mr. Justice Breese delivered the opinion of the Court:

This cause originated before the court of probate of Alexander county, in which Carter, the defendant in error, produced an instrument in writing, which he claimed to be the last will and testament of Elizabeth Burnett, deceased, and moved the court that it might be recorded as such.

The probate court heard the testimony of the subscribing and other witnesses, and decided that the instrument was not sufficiently attested, and that the testatrix was not of sound mind and disposing memory and competent to make a will.

From this decision Carter appealed to the Circuit Court, and the cause was tried there by a jury, who found a verdict establishing the instrument as the will of Elizabeth Burnett. A motion was made for a new trial which was denied, and a bill of exceptions signed, and the cause brought here by writ of error.

The following errors are assigned, upon which we will pass:

"The court erred in giving improper instructions for the plaintiff; in modifying the instructions of the defendant; in excluding the evidence of Dr. Taggart from the jury; in admitting improper evidence for the plaintiff; in rejecting proper evidence for the defendant; in overruling defendant's motion for new trial; in rendering the judgment in manner and form as rendered."

It is insisted by the plaintiffs in error, who, it appears, are the nearest blood relatives of the deceased, that the paper offered for probate is not the will of Elizabeth Burnett, for the reason that the requirements of the statute have not been complied with, so as to entitle the instrument to be proved as such will; and further, that there is no proof that the testatrix was of sound mind and memory at the time of executing the same.

It is also objected that the will is void, as having been made at the instance of the defendant in error, the principal devisee under the will, and that the instructions given by the court, on

behalf of the defendant in error, were erroneous, and those asked on behalf of plaintiffs in error were improperly refused.

Upon the first point made, that the will is not executed in conformity with the statute, it is only necessary to consider what the statute requires, and then the facts attending the execution of this will.

It is conceded by plaintiffs in error, and such is the statute, that to entitle a will to probate four things must concur—it must be in writing, and signed by the testator or testatrix, or in his or her presence by some one under his or her direction; it must be attested by two or more credible witnesses; two witnesses must prove that they saw the testator or testatrix sign the will in their presence, *or* that he or she acknowledged the same to be his or her act and deed; they must swear that they *believed* the testator or testatrix to be of sound mind and memory at the time of signing and acknowledging the same.

What are the facts on this point? The witness who wrote the will, George S. Pidgeon, testified, that he was requested to draw up the paper as the will of Elizabeth Burnett, and saw her sign it on the 5th day of May, 1845, at the office of Esquire Bross, and, from all he saw and heard at the time, he took her to be of sound mind, but knows nothing of her general condition of mind — believes she was of sound mind and memory; he was one of the subscribing witnesses to the will; testatrix was not robust and did not seem in very good health; saw her only about half an hour when making the will; Mr. Bross, Mr. Fitzgerald, the defendant in error, and perhaps others were present in the police office at the time she signed the will; formed his opinion of her sanity from her conversation, and seeing nothing to the contrary.

Fitzgerald, the other subscribing witness, testified, that he signed the paper purporting to be the will of Elizabeth Burnett, but did not see her sign it; saw a lady in the room, and Mr. Pidgeon asked him to witness the paper, whereupon he asked the lady "is this your signature?" and she answered "yes," and then he signed it as a witness. She acknowledged the signature to the instrument in his presence, when he attested it, and

she was in the room with him. He further testified, he saw nothing different in her from other persons, and supposed her to be of sound mind. She looked like a delicate woman; did not hear her converse with any one; she was in the same room sitting in a chair; his impression is there were two women in the room; whether the woman he addressed was Mrs. Burnett or not, he did not know; never saw the woman before or since; did not know at the time that he was witnessing a will, supposed it was a common agreement or contract; the will was not read over as he recollects, and cannot state whether she was of sound mind or not.

F. Bross, Esq., testified, without objection, that Carter, the plaintiff, and Mrs. Burnett came to his office and wished him to draw a will; he was busy and recommended them to Mr. Pidgeon; it was on the 5th of May, 1865; Mr. Pidgeon drew the will; it was read over to Mrs. Burnett; Fitzgerald and witness, and perhaps others were in the room; that plaintiff, Carter, Mrs. Burnett and witness were near Mr. Pidgeon when the will was read, and Fitzgerald off about eight feet; saw Fitzgerald sign the instrument at the time; does not remember whether Carter or Mrs. Burnett applied to him to write the will; both came together and he was with her all the time.

Mr. Pidgeon was then recalled by the defendants, the plaintiffs in error, and testified that he could not say whether Carter or Mrs. Burnett spoke to him to draw the will; both were there; thinks Carter paid him for writing it; does not recollect to whom he delivered the will, but thinks it was delivered to the woman.

This is all the evidence as to the execution of the will, and we are at a loss to perceive wherein it is variant from the requirements of the statute.

A point is made by counsel for plaintiffs in error, that Mrs. Burnett did not declare the instrument to be her will, nor did Fitzgerald know he was attesting the execution of a will. It will be observed, our statute of wills nowhere makes the publishing of a will necessary, or any declaration of the party executing it that it is his will. It requires only that wills shall

be reduced to writing and signed by the testator, or by some person in his presence and by his direction, and attested in the presence of the testator by two or more credible witnesses, two of whom declaring on oath or affirmation before the court of probate for the proper county, that they were present and saw the testator sign said will, testament or codicil in their presence, or acknowledged the same to be his act or deed. Scates' Comp. 1180.

It is manifest, therefore, no publication by the testator, that the instrument is his will, is necessary. Although Fitzgerald did not know Mrs. Burnett, or actually see her sign her name, her identity with that of the person whose will he attested is clearly shown by his own testimony and that of Mr. Pidgeon and Esq. Bross, and she acknowledged it as her signature, which signature made the instrument her act and deed.

The first point is fully established for the defendant in error, that the instrument was the act and deed of Mrs. Burnett, made in strict compliance with the statute.

As to the question of sanity, or rather, of sound mind and memory at the time of its execution, we think the proof makes out a strong *prima facie* case at least.

We look in vain into the record for proof of the contrary. There is not a particle of evidence the testatrix was not of sound and disposing mind and memory.

The witnesses, physicians and others, examined on this point, testified to nothing from which the inference of want of soundness of mind could be properly drawn. As to the testimony of Doctor Taggart, which the court rejected, it had reference to the condition of mind of the testatrix long after she had made the will, and it did not tend to show such unsoundness of mind as would invalidate the writing as her will. The most that can be inferred from all the testimony is, that the testatrix was a weakly woman afflicted with a distressing disease which had become chronic. There is nothing in the evidence to show, that her physical condition affected, in any perceptible degree, her mental faculties.

Upon the point, that the will was made at the instance of

the defendant in error, who was made the principal devisee under it, we have searched the record for proof of it, and can find none; and, if it was so made, the will would be no less entitled to record in the absence of all proof of fraud, compulsion or improper conduct or of improper means used by him to induce the testatrix to act at his instance and according to his wishes.    There must be no fraud or contrivance shown to induce a party to make a will in a particular way.    If all is fair, and the result of honest argument and persuasion or of such influence as one may properly obtain over another, the will must stand, on the principle, that a person can dispose of his property by will as he may choose, if he be of sound mind and memory.    The books are full of cases of this description, and not one can be found, we think, of a contrary bearing.    *Floyd* v. *Floyd,* 3 Strobhart, 44; *Potts* v. *House,* 6 Geo. 324; *Miller* v. *Miller,* 3 Serg. & Rawle, 267; *Sevewith* v. *Carlisle,* 19 Ala. 80; *Gardner* v. *Gardner,* 22 Wend. 516; *Trumbull* v. *Gibbons,* 3 Zab. 117.

Though the defendant in error may have had improper intercourse with the testatrix, that of itself, however immoral such a relation may be, is not sufficient to invalidate a will made in favor of the wrong-doer, if no improper influences are shown to have been exerted to induce the will.    *Fare* v. *Thompson,* Cheves (S. C.) 37.

We have examined the instructions, and find nothing in those given for the defendant in error so objectionable as to justify a reversal of the judgment.    Some of them may be liable to verbal criticism, and the seventh puts the proposition too strong perhaps by the use of the word "entirely," yet the jury could not, with the evidence before them, have been misled, no part of it showing any illegal interference, improper conduct, or undue influence by the defendant in error operating on the testatrix, or by any other person in this behalf.    The instructions on the part of plaintiffs in error were properly modified.

Upon another point raised by plaintiffs in error, that the court excluded declarations of the testatrix made after the

execution of the will, this was proper, for, as with deeds, so with wills, — the parties making them cannot invalidate them by their own parol declarations made previously or subsequently. *Jackson ex dem.* v. *Kniffer*, 2 Johns. 31; *Stevens* v. *Vanclear*, 3 Wash. C. C. 465; *Provis* v. *Rowe*, 13 Sug. C. L. 490; *Comstock* v. *Hadlyne*, 8 Cowen, 263, cited by defendant in error, and to which others might be added. There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*