# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

O. B. BRITTON, Exr., Appellee, *vs.* HARRIET A. DAVIS,
Appellant.

*Opinion filed April 20, 1916.*

1. WILLS—*what does not overcome prima facie case in favor of probate.* On appeal to the circuit court from an order admitting to probate a will having the genuine signature of the testator and an attestation clause reciting all the essential particulars of due execution of the will and bearing the genuine signatures of the subscribing witnesses, the *prima facie* case made by the will, attestation clause and certificate of the oath of the subscribing witnesses on the probate is not overcome by the fact that the subscribing witnesses, when testifying in the circuit court, fail to remember some essential facts as to the execution of the will.

2. PRACTICE—*propositions of law are not proper in a probate proceeding.* On appeal to the circuit court from an order of the county court admitting a will to probate, propositions of law are not proper, and it is therefore not material, in a court of review, whether the court ruled correctly on propositions of law submitted.

3. SAME—*bill of exceptions need not show exception to judgment of court.* On appeal to the Supreme Court from a judgment of the circuit court admitting a will to probate on appeal from an order of the county court, it is not necessary that the bill of exceptions show an exception to the judgment of the court in order to enable the appellant to present the question whether the evidence was sufficient to support the judgment.

APPEAL from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

J. E. HOGAN, and W. S. GREER, for appellant.

TAYLOR & TAYLOR, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This appeal is prosecuted by Harriet Ann Davis from the judgment of the circuit court of Christian county admitting the will of DeWitt C. Willey to probate. The county court of Christian county had granted the petition of O. B. Britton, executor, alleging the execution of the will in due form of law, and admitted it to probate, and from that order and judgment an appeal was taken to the circuit court.

Appellant states in her brief and argument that the only question presented by this appeal is whether or not the evidence is sufficient to authorize the admission of the will to probate.

The will was attested by S. J. Phillips and Charles Hall, both of whom were well acquainted with and friends of the deceased and then lived at Willey station, where also lived the testator. It is not questioned that they are competent witnesses to the will. Phillips testified that he had known the deceased intimately for about eight years and also knew Charles Hall for about the same time. He examined the instrument in question and the signatures thereto, and testified that they are his own signature and those of Charles Hall and DeWitt C. Willey, the testator, who subscribed to the will, and that he thinks he did see those signatures placed upon the instrument at Willey's house and that the deceased was of sound mind and memory at that time. He testified, on cross-examination, that he may have testified in the probate court that he could not say for sure whether or not Willey signed the will in his presence. He also testified that he knew Willey's signature from having seen him write;

that he remembered the occasion of attesting the will and believed he saw the deceased sign it and knew that the instrument in question was the one he witnessed as Willey's will, and that he did testify in the probate court that he did not remember what was said when the will was signed. He further testified that his memory had been refreshed since he testified in the probate court by talking the matter over with C. H. Shamel, the lawyer who wrote the will, and by his own thought, and that things that were not clear to him before had come to his mind more clearly.

Charles Hall testified that he was seventy years old and had known Willey as long as he had known anyone, and also knew S. J. Phillips, and that he recognized the signatures to the will; that the signature to the will is that of DeWitt C. Willey and that the two signatures at the bottom are his own and S. J. Phillips', and that on the 24th day of July, 1908, the date of the will, Willey was of sound mind and memory. On cross-examination he testified that he did not think Willey signed the will in his presence and did not know when he signed it and did not know what the paper was when he witnessed it. He further testified that he did not know whether or not he testified in the probate court that he didn't see Willey sign it. He also testified that he was sure Willey called him over to sign the paper, and that he guessed that he did not see Willey sign it but does not remember whether or not he did; that it had been so long he could not remember whether Willey or Shamel called him over to witness it, and that he might have so testified in the probate court and might have testified that Willey never told him what were the contents of the paper. On re-direct examination he further testified that he had had two light strokes of paralysis, which he did not think had affected his memory but that it was not as good as when he was younger; that Phillips was in the room when he witnessed the paper, and that the part of the will that is above

his signature was in the will when he witnessed it just as it now appears.

The will was introduced in evidence, and that part of the will signed by the witnesses, and just above their signatures, reads as follows: "This is to certify that the foregoing instrument, consisting of two double sheets of legal cap paper, was at the date hereof signed, published and declared by said DeWitt C. Willey, the testator, as and for his last will and testament in the presence of us, who at his request and in his presence and in the presence of each other have subscribed our names as witnesses." An affidavit was signed and sworn to in the probate court April 17, 1915, by the two attesting witnesses aforesaid and was introduced in evidence in the circuit court. That affidavit, among other things, recites that said witnesses depose and say, each for himself, that the said instrument in writing is the last will and testament of said DeWitt C. Willey, deceased; that they subscribed their names thereto as the attesting witnesses at the request of said testator and in his presence and in the presence of each other, and that he then and there subscribed his name thereto in their presence and declared the same to be his last will and testament, and that the testator, at the time of executing the same as aforesaid, was of full age, of sound mind and memory and under no restraint.

We think the evidence in the record is sufficient to support the judgment of the court. The testimony of the subscribing witnesses that the signature to the will is the genuine signature of the testator, and the attestation clause with the genuine signatures of the subscribing witnesses containing all the particulars of a good execution, make a strong *prima facie* case of the due execution of the will, and must often prevail, on appeal to the circuit court, over the testimony of witnesses who give evidence tending to show that some of the requirements were omitted. (*Thompson* v.

*Owen*, 174 Ill. 229; *Thompson* v. *Karme*, 268 id. 168.)
There was no objection to the competency of any of the
evidence in this case and its admission is not questioned in
this court. However, the affidavits of the subscribing wit-
nesses made in the probate court were competent evidence to
sustain the will in the circuit court under sections 7 and 13
of the Statute of Wills. Said section 13, as amended in
June, 1909, and in force July 1, 1909, provides as follows:
"When the probate of any will and testament shall have
been allowed or refused by any county or probate court,
and an appeal shall have been taken from the order or de-
cision of such court, allowing or refusing to admit such will
to probate, into the circuit court of the proper county, as
provided by law, it shall be lawful for the party seeking pro-
bate of such will to support the same, on hearing in such cir-
cuit court, by any evidence competent to establish a will in
chancery." The affidavits of the two subscribing witnesses
made in the probate court, together with the will, clearly
show that all the essential elements were proven to entitle
the will to probate. (*In re Estate of Kohley*, 200 Ill. 189.)
The cross-examination of the witness Charles Hall merely
showed that he had forgotten some of the essential facts
necessary to be proved to establish the legal execution of
the testator's will, and that he really could not remember
whether or not the testator acknowledged the instrument as
his will or signed the same in the presence of the witnesses.
The *prima facie* case is not necessarily overcome because
one of the attesting witnesses has testified that he has for-
gotten whether or not the testator signed the will or that he
did not sign the will, or does not believe he signed the will,
but does not remember whether he did or not. There was
nothing unusual about the fact that neither one of the wit-
nesses could recall all that was said or done at the time of
the execution of the will that was essential to prove the due
execution of it. It had been executed about seven years
when probated, and one of the witnesses was getting old

and feeble and apparently had failed much more in memory than he really could realize. The fact that the witnesses failed to remember the details of the execution of the will is certainly no indication that Shamel, or anyone desiring the will probated, used any undue influence upon such witnesses to have them testify favorably to proponent. It is rather an indication to the contrary, as argued by the proponent's attorney.

The provisions of the Practice act relating to propositions of law do not apply to a case wherein a will is being probated. Therefore it can make no difference whether or not the court properly ruled upon appellant's so-called propositions of law. *Schofield* v. *Thomas,* 236 Ill. 417.

It was not necessary, as argued by appellee's counsel, for the bill of exceptions in this case to show an exception to the judgment of the court in order that appellant might be heard in this court upon her contention that the evidence does not support the judgment. The cause was submitted to the court on the evidence heard before it. Under the holding in *Miller* v. *Anderson,* 269 Ill. 608, it is not necessary to allege an exception to any matter submitted to a court for its ruling or determination during the progress of the trial or before judgment is entered, in order to have that ruling passed upon in a reviewing court. An exception to the judgment of the court under the former practice was necessary in all trials before the court without a jury if the exceptor desired to challenge the judgment of the court upon the ground that the evidence did not support it.

The court did not err in admitting the will of the testator to probate, and the judgment is affirmed.

*Judgment affirmed.*