## ISAAC M. ALLISON et al.

### v.

## MARGARET S. ALLISON.

1. WILLS—*acknowledgment of by testator—need not be in language.* The statute does not require that the acknowledgment of a will by the testator, shall be in language. Any act, which indicates the same thing with unmistakable certainty, is sufficient.

2. SAME—*what acts a sufficient acknowledgment—attesting witnesses need not see the testator sign.* It is not necessary, that the attesting witnesses to a will should actually see the testator sign it; it is a sufficient acknowledgment of it by him, where, in the hearing of the testator and the witnesses, the attesting clause is read, reciting that he had executed the instrument as his will, and the testator thereupon, handed the subscribing witnesses the pen, and saw them sign as such, although the testator uttered not a word during the whole time the witnesses were present.

3. SAME—*the substance to be considered—rather than the form.* In matters of this character, clear and explicit acts are to be regarded, rather than mere form.

4. SAME—*before admitted to probate—proof of sanity of testator must be made.* Our statute requires, that before a will can be admitted to probate, the subscribing witnesses shall swear they believe the testator to have been of sound mind and memory, at the time of the execution thereof.

5. SAME—*proof of soundness of mind indispensable.* When a witness testified, that "he did not know, whether the testator was of sound mind or not—that he might have been or might not:" *Held,* that the proof was defective. That although a witness might not be able to swear positively and as a matter of fact, what the condition of the testator's mind was, yet, he undoubtedly had an opinion on this point, and this opinion, or belief of the witness, the law requires, as indispensable to probate.

APPEAL from the Circuit Court of Woodford county; the Hon. SAMUEL L. RICHMOND, Judge presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. INGERSOLL & PUTERBAUGH, for the appellants.

Messrs. GROVE & WILLIAMSON, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application to admit to probate the will of Daniel Allison, deceased. It is urged by the counsel for appellants, that the proof made by the subscribing witnesses, of the execution of the will, is insufficient. That proof is as follows: Allison came out of his house and called Hoyt and Walsh, the subscribing witnesses, from the field, to come in and sign a paper. They went in. where Allison and Kingsbury were— Kingsbury had just drawn the will. He read over to them the attesting clause, Allison sitting in the room within hearing distance. Allison then handed the pen to Hoyt, who, having himself signed, handed it to Walsh, who also signed. Allison said nothing that witnesses could remember.

The chief objection taken to the proof is, that Allison did not sign the will in the presence of the subscribing witnesses, or acknowledge it to be his act and deed, as required by the statute.

It is true, the testimony shows no formal acknowledgment, in set terms, or by words to that effect, and yet the entire transaction amounts to an acknowledgment as distinct and satisfactory as language could have made it. Kingsbury, whose testimony was competent to show that fact, had just written the will at the request of Allison, who had sent for him for that purpose. The will bore Allison's signature. He went out to procure subscribing witnesses and brought in Hoyt and Walsh. Kingsbury then read over the attesting clause as already stated. This recites that the instrument was the will of Daniel Allison, declared by him to be such, and that he had acknowledged to them, and each of them, that he had signed and sealed the same, and that they signed it as witnesses, at his request, and in his presence. After all this was read aloud, and in Allison's hearing, he hands them a pen to sign, and

they do sign this clause in his presence. Could words made a plainer acknowledgment than this series of acts? The statute does not require the acknowledgment to be in language. Any act which indicates the same thing with unmistakable certainty will answer as well, and when the testator, in the present case, having heard the attestation clause read, reciting that he had executed that instrument as his will, handed the subscribing witnesses the pen and saw them sign, although he uttered not a word, he really acknowledged the instrument to be his will as satisfactorily as if he had said, "I, Daniel Allison do acknowledge this instrument to be my last will and testament." In matters of this sort, we must look at the substance rather than the form. This view of a similar question is taken in *Nickerson* v. *Buck*, 12 Cush. 332; *Peck* v. *Carey*, 27 N. Y. 9, and *Nelson* v. *McGifford*, 3 Barb. Ch. 158.

The proof, however, is defective in one respect, though the defect may probably be cured at another trial. Our statute requires, before a will can be admitted to probate, that the subscribing witnesses shall swear they believe the testator to have been of sound mind and memory. One of the witnesses in this case testifies he does not know whether Allison was of sound mind or not—he might have been or might not. Probably what the witness meant to say was, not that he had any reason to suspect unsoundness, but he could not swear positively, and as a matter of fact, what the condition of the testator's mind was. But the witness should have been interrogated as to his belief. Although he had no positive knowledge, he undoubtedly had an opinion on this point, and this opinion or belief the law requires as indispensable to probate. It is true, as suggested by counsel, the law presumes all men to be sane until the contrary appears, but this proof of belief is, in this case, a statutory requirement with which we can not dispense. The order of the circuit court is reversed and the cause remanded for further proceedings.

*Judgment reversed.*