SUSAN E. BICE

*v.*

OWEN H. HALL.

*Filed at Springfield May 12, 1887.*

1. WILLS—*testamentary capacity.* It is not required that a person, to make a valid will, shall possess a higher capacity than for the transaction of the ordinary affairs of life. If the testator, at the time of making a will, is capable of attending to his ordinary business, and of acting rationally in the

ordinary affairs of life, he will possess testamentary capacity. Such capacity may exist even when neither the mind nor the memory is as good as at a former period.

2.  SAME—*probate of will—upon what evidence.*  On an appeal from an order of the county court allowing probate of a will, only the testimony of the subscribing witnesses is admissible on the question of the testator's sanity. The statute contemplates that the proceeding to admit a will to probate shall be summary.

3.  The subscribing witnesses to a will must declare, on oath or affirmation, among other things, that they believe the testator was of "sound mind and memory" at the time of signing or acknowledging the same, to admit it to probate. It is not necessary that they shall use the usual formula, "sound mind and memory," but it is sufficient if they state their belief in equivalent words.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PALMERS & SHUTT, for the plaintiff in error:

The point is, does the witness Dawson, in substance and legal effect, swear that he believes the testator was of sound mind and memory when he signed the will.  *Dickie* v. *Carter*, 42 Ill. 376;  *Crowley* v. *Crowley*, 80 id. 469.

It is not necessary that the witness shall state on oath, in so many words, that he believed the testator to be of sound mind and memory.  It is sufficient if he does so in legal effect. *Yoe* v. *McCord*, 74 Ill. 33.

The test of testamentary capacity is the ability to know and understand the business in which he is engaged.  *Yoe* v. *McCord*, 74 Ill. 33; 1 Redfield on Wills, 123, 124; *Irish* v. *Newell*, 62 Ill. 196; *Brown* v. *Riggin*, 94 id. 560; *Carpenter* v. *Calvert*, 83 id. 62; *Rutherford* v. *Morris*, 77 id. 397; *Libby* v. *Waggoner*, 27 id. 395; *Meeker* v. *Meeker*, 75 id. 260.

Messrs. PATTON & HAMILTON, for the defendant in error:

On appeal from an order of the county court allowing probate of a will, only the testimony of the subscribing witnesses is admissible.  *Andrews* v. *Black*, 43 Ill. 256; *Crowley* v. *Crowley*, 80 id. 469; *Weld* v. *Sweeney*, 85 id. 50.

To admit a will to probate, the two attesting witnesses must swear that they believe the testator was of sound mind and memory at the time of signing or acknowledging it. *Dickie* v. *Carter*, 42 Ill. 376; *Crowley* v. *Crowley*, 80 id. 469; *Allison* v. *Allison*, 46 id. 61; *Weld* v. *Sweeney*, 85 id. 50.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The executor named therein presented in the county court of Sangamon county what purported to be the last will and testament of Benjamin L. Hall, Sr., deceased, and moved the court that the same be admitted to probate. It appears to have been executed by the testator, with all the formalities required by the statute in regard to wills or codicils. It was attested by two subscribing witnesses, viz., J. H. Dawson and J. H. Pickrell, both of whom appeared in the county court, and declared, on oath, "they were acquainted with Benjamin L. Hall, Sr., now deceased; that they were present and saw the testator sign said will in their presence, and that he acknowledged the same to be his last will and testament, and that they believed the said testator to be of sound mind and memory at the time of signing said will, and that they attested said will in his presence and at his request." The testimony of these witnesses was reduced to writing, and was signed by them, respectively, and thereupon the court ordered that the paper purporting to be the last will and testament of Benjamin L. Hall, Sr., be admitted to probate, and that it be made a matter of record. From the order of the county court, one of the heirs at law of the testator asked for, and was allowed, an appeal to the circuit court, which he afterwards perfected by giving the usual bond. The case was tried *de novo* in the circuit court, and the decision of the county court was reversed, and an order entered to the effect the paper presented was not the last will and testament of Benjamin L. Hall, Sr., deceased. Susan E. Bice, one of the devisees named in the

will, and who would take real estate under its provisions if the will should be held valid, brings the case to this court on error.

On an appeal from an order of the county court allowing probate of a will, only the testimony of the subscribing witnesses is admissible on the question of the testator's sanity. The decisions on this subject are based on the language of the statute. (*Andrews* v. *Black*, 43 Ill. 256, and other cases in this court.) Accordingly, on the trial of this appeal in the circuit court, no testimony, other than that of the two subscribing witnesses, was heard. One of them (Pickrell) stated every fact the statute requires to establish the will. The other (J. H. Dawson) stated everything the statute requires, save he could not say, in the language of the statute, he believed the testator was of "sound mind and memory" when he signed his will. It seems it was for this reason the circuit court refused to hold as a matter of law, as it was asked to do, that the will was sufficiently proved to be admitted to probate. The error assigned in this court calls in question the correctness of that ruling of the circuit court.

Undoubtedly the law is, the subscribing witnesses must declare on oath or affirmation, among other things required by the statute, that they believe the testator was of "sound mind and memory" at the time of signing or acknowledging his will, before it can be admitted to probate. But the witnesses are not required to use the usual formula, "sound mind and memory," in stating their belief as to the testamentary capacity of the testator. It is sufficient if they state their belief in equivalent words, and so this court has distinctly held in *Yoe* v. *McCord*, 74 Ill. 33. It was ruled in that case, it was not essential that a subscribing witness to a will should state on oath, in so many words, that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will. In that case, the witness could not declare, in the language of the statute, that he believed the

testator to be of sound mind and memory, and yet he did declare so in legal effect, and that was held to be sufficient. The rule established by that case is a reasonable one, and ought to be allowed to control, otherwise great injustice might be done. A person might be of unsound mind, in a measure, or his memory might be impaired, and yet he might possess sufficient testamentary capacity to make a will. In such cases, a conscientious witness might well hesitate to declare, on oath, in the language of the statute, he believed he was of "sound mind and memory." That would not be true in his understanding of the terms of the statute, but he might be able to state his belief in his testamentary capacity, in other language, which would have the same legal effect. It is not required that a person, to make a valid will, shall possess a higher capacity than for the transactions of the ordinary affairs of life. If the testator, at the time of making a will, is capable of attending to his ordinary business, and of acting rationally in the ordinary affairs of life, he is said to possess testamentary capacity, and his will will be permitted to stand. Testamentary capacity may exist even where neither the mind nor the memory is as good as at a former period. (*Freeman* v. *Easly*, 117 Ill. 317.) The facts of the case in hand bring it precisely within these well recognized principles. Here the witness was unwilling to declare on oath he believed the testator was of "sound mind." The testator had been afflicted with what the witness called "spells," and had had so many of them his mind was injured. When asked whether the testator understood what he was doing, the witness replied: "I suppose he understood it,—that was my supposition." When under the influence of "spells," the witness says he was not fit for business, but at other times, he says he "couldn't do a great deal of business,—of course he done some little." The witness says the testator was not under a "spell" on the day he signed his will. On being inquired of if he saw anything on that day that led him to doubt the soundness of the tes-

tator's mind, the witness answered: "I didn't see anything, at that time, that was anything more than was just his ordinary way of living." The testator came out of his house and called the witness, as he was passing on the street, to come in to witness his will. On coming into the house, the testator introduced him to the other subscribing witness, and both witnesses then attested the will in the presence of the testator, and at his request, and in the presence of each other. The answer made to a question propounded to him by the court, gives the idea the witness had as to the condition of the testator's mind, as clearly as anything in the record. This is the question and answer:

Q. "Is it your belief, that at the time he signed this will he was of sound mind and memory?

A. "To give my honest belief about it, it is just this way,— I want the court to understand what I say,—I don't think Uncle Logan, in his last years, had been perfectly sound. That's what I believe, if you want my belief about it. But that day he was as natural and rational as common to see him. Anybody not knowing anything about him at all, would suppose he was all right. That's my honest belief about it. That's just what I want the court to understand,—not that I know anything that day more than that."

It is quite evident the condition of the testator's mind, as the witness states he believes it was at the time of signing the will, shows testamentary capacity. Undoubtedly the witness believed the testator fully understood what he was doing, and the facts stated leave not the slightest doubt on the mind such was the case. This court is the more ready to adopt this view, for the reason the probate of a will in this way by the county court is not conclusive. Under the statute, any person interested may, at any time within three years, file a bill in chancery to contest the validity of the will, when an issue at law shall be made up, and tried by a jury, whether the writing produced be the will of the testator or not. The

statute contemplates the proceeding for the admission of the will to probate, shall be summary. It requires the party propounding a will to prove nothing but its formal execution, and that the testator was of sound mind and memory at the time. That has been sufficiently proved in this case by the requisite number of subscribing witnesses, and the will of the testator should be admitted to probate.

The judgment or order of the circuit court will be reversed, and the cause remanded, with direction to that court to affirm the order of the county court admitting the will to probate.

*Judgment reversed.*

Mr. JUSTICE MULKEY: I do not think the proofs in this case meet the requirements of the statute, and can not, therefore, concur in the opinion of the majority of the court.