JOHN F. DALY

*v.*

CATHERINE DALY *et al.*

*Opinion filed December 18, 1899.*

1. WILLS—*degree of mental capacity essential to "sound mind and memory."* One capable of comprehending what property he has, the nature of his acts, the natural objects of his bounty and affection, and the effect his will would have upon them, is of "sound mind and memory," within the meaning of that phrase as used in the statute.

2. SAME—*soundness of mind and soundness of memory are not distinct pre-requisites.* Evidence that the testator's memory was weak or impaired is proper for the consideration of the jury, together with other testimony relative to the testator's mental faculties; but the question for decision by the jury is not the strength of the single faculty of memory, but whether that general condition of mental strength exists denominated "sound mind and memory."

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

WILLIAM E. HUGHES, JOHN J. COBURN, and JOHN W. SUTTON, for plaintiff in error:

The statute requires that a testator shall be of sound mind and of sound memory. Hurd's Stat. 1898, chap. 148, sec. 2, p. 1637.

One who has sufficient mind to understand the business in which he is engaged, to know the extent of his estate, remember the persons who would naturally be the objects of his bounty, and who can keep these in mind long enough to have his will executed, has testamentary capacity. *Roller* v. *Kling*, 150 Ind. 159.

To be capable of executing a will a person must have sufficient active memory to collect in his mind, without prompting, the particulars or elements of the business to be transacted, and to hold them in his mind a sufficient time to perceive at least their obvious relations, and to be able to form some rational judgment in relation to them. *Hall* v. *Perry*, 87 Me. 569.

SMITH, HELMER, MOULTON & PRICE, and HALEY & O'DONNELL, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by plaintiff in error to contest the will of one Daniel C. Daly, who was also known as Daniel Daly, Jr. The grounds of attack upon the will were two-fold: (1) that the said testator was not of sound mind and memory at the time of the execution thereof; and (2) that the execution of the will was induced by undue influence exercised by Catherine Daly, wife of the testator. Answers were filed denying the truth of the alleged grounds of attack on the will. Issues at law were formed thereunder and the same submitted to a jury for trial. No evidence was produced in support of the latter charge, and it was abandoned by the complainant.

The verdict of the jury was adverse to the plaintiff in error and the bill was dismissed. This is a writ of error to secure a reversal of the decree of dismissal.

In the brief of plaintiff in error it is said: "There was a sharp conflict of evidence on the question as to whether or not Daniel C. Daly was, at the moment of time in which he signed the will in controversy, of sound mind and memory." For the purpose, at least, of conceding the state of the evidence was such the plaintiff in error may properly invoke the rule that where the evidence is conflicting the instructions must be accurate, the statement may be accepted.

The complaint as to the instructions is, the court erred in granting instruction No. 8 and in refusing instructions numbered 7, 10, 11 and 12. Instruction No. 8 advised the jury it was not their province to determine whether the disposition made of the testator's property by the will was such as in their judgment ought have been made, but it was their duty to determine, from the evidence, whether the testator was of sound mind and memory at the time the writing purporting to be the will was executed, and that in order to justify them in finding said paper writing was not the will of said Daniel Daly, they must find, from the evidence, said Daly was not of sound mind and memory. The refused instructions numbered 7, 10, 11 and 12 were in substance the same. In each of them the court was asked to charge the jury it was sufficient to set aside the will if the jury should believe, from the evidence, the said Daniel C. Daly was not of sound mind or was not of sound memory when the will was executed. Counsel for plaintiff in error contend the great weight of the testimony was that the memory of the alleged testator was defective, impaired and not sound, and their position is, that soundness of mind and soundness of memory are distinct pre-requisites to the capacity of a testator to execute a legal will. ' The grounds of complaint to the instruction given, No. 8, and as to the

action of the court in refusing to grant those denied, are, the court refused to recognize the correctness of this position.

Section 1 of chapter 148 of the Revised Statutes, entitled "Wills," relates to the competency of a testator; and as to his requisite mental capacity the expression of the statute is, such testator shall be of "sound mind and memory." Long prior to the enactment of the statute the legal meaning of the phrases "sound mind and memory," "sound and disposing mind and memory" and "sound and disposing mind" had become well established. They were convertible terms, and were used interchangeably to denote that degree of mental strength and power deemed requisite to testamentary capacity. Absolutely sound and perfect mental faculties were not requisite to such capacity, nor was such the interpretation of the word "sound" as employed in any of such phrases, but the phrases were employed as expressive, in their entirety, of the degree of mental power and vigor which a testator should possess in order to be competent to dispose of his estate by will. In *Yoe* v. *McCord*, 74 Ill. 33, we said (p. 40): "The expression 'sound mind and memory,' as used in the statute, we conceive means nothing more than the words 'sound and disposing mind,' frequently employed in reference to this subject. * * * Littleton makes the terms 'of non-sane memory,' '*non compos mentis*,' and 'not of sound memory,' convertible terms.—2 Co. Litt. sec. 405."

In *Bice* v. *Hall*, 120 Ill. 597, in discussing the provision of the statute which requires the subscribing witnesses to a will shall declare they believe the testator was of sound mind and memory, we said (p. 600): "Undoubtedly the law is, the subscribing witnesses must declare on oath or affirmation, among other things required by the statute, that they believe the testator was of 'sound mind and memory' at the time of signing or acknowledging his will, before it can be admitted to probate. But the witnesses are not required to use the usual formula,

'sound mind and memory,' in stating their belief as to the testamentary capacity of the testator. It is sufficient if they state their belief in equivalent words, and so this court has distinctly held in *Yoe* v. *McCord*, 74 Ill. 33. It was ruled in that case it was not essential that a subscribing witness to a will should state on oath, in so many words, that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will. In that case the witness could not declare, in the language of the statute, that he believed the testator to be of sound mind and memory, and yet he did declare so in legal effect, and that was held to be sufficient. The rule established by that case is a reasonable one and ought to be allowed to control, otherwise great injustice might be done. A person might be of unsound mind in a measure, or his memory might be impaired, and yet he might possess sufficient testamentary capacity to make a will. In such cases a conscientious witness might well hesitate to declare, on oath, in the language of the statute, he believed he was of 'sound mind and memory.' That would not be true in his understanding of the terms of the statute, but he might be able to state his belief in his testamentary capacity in other language, which would have the same legal effect."

In *Taylor* v. *Pegram*, 151 Ill. 106, we approved an instruction which declared to the jury that if the testator's mind was sound, although his memory may have been impaired, he might be of sound mind and memory in the sense in which that term is used in the statute.

In other given instructions the court advised the jury it was requisite to the testator's competency to make a will he should possess sufficient mental capacity to comprehend what property he had to dispose of, the natural objects of his affection and bounty, to understand the nature of his acts and the effect his will would have upon the natural objects of his bounty and affection. One possessed of the understanding and mental power thus

required by the instructions of the court is of sound mind and memory, within the legal meaning of that phrase as used in the statute. (*Trish* v. *Newell*, 62 Ill. 196; *Meeker* v. *Meeker*, 75 id. 260; *English* v. *Porter*, 109 id. 285; *Freeman* v. *Easly*, 117 id. 317; *Craig* v. *Southard*, 148 id. 37.) These instructions correctly interpreted to the jury the meaning, in law, of the phrase "sound mind and memory."

In the investigation of the question of the mental capacity of a testator, evidence tending to show his memory had become defective and unsound is proper for the consideration of the jury. Every faculty of the mind may be the subject matter of testimony in order that the jury may have the necessary information and knowledge to enable them to determine whether the testator possessed that degree of mental strength, power and understanding which, in the meaning of the statute, constitutes a "sound and disposing mind" or "sound mind and memory." Evidence that the testator's memory was naturally weak or had become impaired and defective, and the degree of such weakness or impairment, is proper for consideration, together with all other testimony relative to the mental qualities and faculties of the testator. But when all such evidence has been produced the matter for decision is not the strength of the single faculty of memory possessed by the testator, but whether that general condition of mental strength exists which is denominated by the statute "sound mind and memory." As was forcibly remarked by Chancellor Kent in *VanAst* v. *Hunter*, 5 Johns. Ch. 148, the question is whether, though the memory had failed "to a greater degree, the solid power of understanding remained."

There is no error in the record. The decree is affirmed.

*Decree affirmed.*