KATIE HILL, *et al.*

*v.*

ADAM KEHR *et al.*

*Opinion filed June 19, 1907.*

1. WILLS—*testimony sufficient to establish codicil establishes a will.* If the testimony of the two subscribing witnesses to a codicil added to a will is sufficient to establish the codicil upon application to probate the will it is also sufficient to establish the will.

2. SAME—*the courts cannot dispense with conditions of probate prescribed by statute.* The statute has prescribed the exact conditions upon which an instrument may be admitted to probate as a last will, testament or codicil, and courts have no power to dispense with any of the conditions so prescribed or substitute something different.

3. SAME—*what proof is required to justify admitting a will to probate.* To justify the county court in admitting a will to probate at least two of the subscribing witnesses must testify, on oath or affirmation, that they were present and saw the testator sign the will or codicil in their presence or that he acknowledged the same to be his act and deed, and that they *believed* the testator to be of sound mind and memory at the time of signing or acknowledging the same.

4. SAME—*rule of evidence where appeal is taken to circuit court in matter of probate.* Upon appeal to the circuit court from an order of the county court admitting a will to probate the requirements as to proof are the same as upon application for probate in the county court; but upon appeal from an order denying probate the proponent is not limited to the testimony of the subscribing witnesses, and may support the will by any evidence competent to establish a will in chancery.

5. SAME—*fact that testimony of one subscribing witness meets the statute is not sufficient.* The fact that the testimony of one, only, of the subscribing witnesses to a will or codicil meets the requirements of the statute is not sufficient, if the testimony of the other subscribing witness fails to cover one of the essential facts required to be established by the statute.

6. SAME—*two subscribing witnesses must testify they believed the testator to be of sound mind.* While it is not necessary for the subscribing witnesses to testify that the testator was of sound mind and memory at the time he signed or acknowledged the will, yet it is essential that they testify, on oath or affirmation, that they *believed* such fact.

7. SAME—*what proof does not establish will or codicil.* Testimony of one subscribing witness that he had no reason to question the fact that the testatrix was of sound mind and memory, as he did not know her, does not meet the requirements of the statute and does not justify admitting the will or codicil to probate, even though his testimony as to the execution of the instrument may be regarded as sufficient and the testimony of the other subscribing witness meets all the requirements of the statute.

8. SAME—*a subscribing witness may form belief in sanity from appearances.* A subscribing witness to a will or codicil may form a belief that the testator is of sound mind and memory from seeing nothing in his appearance, manner or conduct different from other persons of sound mind, but upon application for probate he must testify that he had such belief; and it is not sufficient that he had no belief and did not know whether the testatrix was of sound mind or not.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

LIVINGSTON & BACH, and GEORGE F. JORDAN, for appellants.

S. P. ROBINSON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of McLean county admitted to probate the paper purporting to be the last will and testament of Catherine Kehr, deceased, and a codicil thereto. Appellants took an appeal to the circuit court, and that court also admitted the will and codicil to probate. From the order of the circuit court this appeal was taken.

The order of the circuit court admitting the will and codicil to probate was based on the testimony of two subscribing witnesses to the codicil, and if their testimony was sufficient to establish the codicil it would also establish the will. (*Fry v. Morrison,* 159 Ill. 244.) In determining that question it must not be forgotten that the whole subject is under legislative control, and that the statute has prescribed

the exact conditions upon which an instrument shall be admitted to probate as a last will, testament or codicil. Courts have no right to dispense with any condition so prescribed or permit the substitution of something different. By the statute all wills are required to be in writing and signed by the testator or testatrix, or by some person in his or her presence and by his or her direction, and attested in the presence of the testator or testatrix by two or more credible witnesses, and the testator or testatrix must be of sound mind and memory at the time of the execution of the will. To authorize a county court to admit a will to probate, proof of these facts must be made by the subscribing witnesses, at least two of whom must declare, on oath or affirmation, that they were present and saw the testator or testatrix sign the will, testament or codicil in their presence or acknowledged the same to be his or her act or deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same. (*Dickie* v. *Carter,* 42 Ill. 376; *Crowley* v. *Crowley,* 80 id. 469; *Canatsey* v. *Canatsey,* 130 id. 397.) On appeal to the circuit court from an order of the county court admitting a will to probate the requirements are exactly the same, and the proponent of the will is limited to the testimony of the subscribing witnesses. (*Andrews* v. *Black,* 43 Ill. 256; *Weld* v. *Sweeney,* 85 id. 50; *Greene* v. *Hitchcock,* 222 id. 216.) On appeal from an order of the county court denying probate a different rule is prescribed by the statute, and the proponent of the will may support the same by any evidence competent to establish a will in chancery. (*Thompson* v. *Owen,* 174 Ill. 229.) It is not necessary that the subscribing witnesses should make their declaration, on oath, in the words of the statute, (*Yoe* v. *McCord,* 74 Ill. 33; *Bice* v. *Hall,* 120 id. 597;) but it is necessary that their declaration should include all the necessary facts.

In this case it is conceded that the testimony of one of the witnesses to the codicil was sufficient to establish the

facts specified by the statute, but the testimony of the other witness did not fulfill the statutory requirements.  He had no definite recollection of anything that occurred, except the fact that he signed the instrument as a witness.  He did not know what the paper was, and that was not necessary. (*Gould* v. *Chicago Theological Seminary*, 189 Ill. 282.)  He did not read the attestation clause or hear it read.  He did not recollect whether the testatrix signed the will in his presence, and he did not know her but thought he was introduced to her.  He testified that he was asked by her son, George Kehr, to attest the signature, and also said that the idea he got was that he was to witness the paper, because the testatrix was present.  Although his recollection was quite indistinct and uncertain, his testimony might be regarded as sufficient to establish the execution of the will, but he did not testify that he believed the testatrix to be of sound mind and memory at the time of signing or acknowledging the will.  The only question asked him on that subject was whether he believed, at the time he was there, she was in her right mind, and he answered, "I have no reason to question it, because I didn't know the lady."  It was not necessary for the witness to testify that he knew the testatrix to be of sound mind and memory, and if he had said that he believed her to be so it would have been sufficient. If a witness entertains a belief, at the time of the execution of the will, that a testatrix is of sound mind and memory, it will meet the requirement of the statute; (*In re Will of Ingalls*, 148 Ill. 287;)  but it is not sufficient for a witness to say that he had no belief on the subject or did not know whether the testatrix was of sound mind or not.  (*Allison* v. *Allison*, 46 Ill. 60.)   A witness may form a belief that a testatrix is of sound mind and memory from seeing nothing in her appearance, manner or conduct different from other persons of sound mind; (*Dickie* v. *Carter, supra;*)  but in this case the witness only said that he had no reason to question the fact that the testatrix was in her right mind because

he did not know her. So far as appears from his testimony he formed no opinion or belief on the subject, and his testimony was lacking in one of the essential requirements of the statute. The circuit court therefore erred in admitting the will to probate.

The order of the circuit court is reversed and the cause remanded.                          *Reversed and remanded.*