**In the Matter of Last Will and Testament of Arthur Rutledge, Deceased.
Cleo Rutledge, Proponent-Appellee, v. Harold E. Rutledge, Respondent-Appellant.**

**Gen. No. 9,997.**

Third District.

March 31, 1955.

Released for publication April 18, 1955.

Edwin Becker, of Macomb, for appellant.

Keith F. Scott, of Macomb, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from an order of the circuit court of McDonough county, affirming the order of the county court of that county, admitting to probate an instrument of writing purporting to be the last will and testament of Arthur Rutledge. There was no jury in either court. No questions are raised on the pleadings. The appeal is on the ground that all the evidence, when considered together, did not make out a prima facie case of testamentary capacity, and that certain opinion evidence was erroneously admitted.

Arthur Rutledge, now deceased, on the 10th day of November 1953, in company with his daughter-in-law, Mrs. Cleo Rutledge, went to the office of Lybarger and Collins, attorneys, at Bushnell, Illinois. He talked with Mr. Lybarger and at his direction Mr. Lybarger dictated a will to his secretary, Mrs. Genevieve Kipling. Mr. Rutledge was in the law office about an hour, and in the discussion of the will, talked about his children, how he wanted to leave his property, and what property he had. By the terms of the will, Mr. Rutledge left three-fourths of his estate to his son, Cleo Rutledge, and the remaining one-fourth to the other children. There is no testimony that Mrs. Cleo Rutledge at any time entered into the conversation or said anything to the testator or anyone else. She came with the testator and left with him. The secretary, Mrs. Kipling, did not talk directly to the testator but did hear what was said to him by Mr. Lybarger in ascertaining the facts necessary for Mr. Lybarger to dictate the will, and did hear

357

what the testator said as to his children and his property.

Two questions are raised by this appeal. First, was the evidence in the case, considered in its entirety, sufficient to show testamentary capacity, and second, was the evidence of the secretary as to what she heard and saw, and her opinion as to the mental capacity of the testator, improperly admitted.

■■ The attestation clause of the will after the recitation as to the signing, contains this language: "We believe that the said Arthur Rutledge was, on the day that he signed said will and the day that we signed the same as attesting witnesses thereto, and at the time he declared the same to be his last will and testament, to-wit: On the 10th day of November A. D. 1953, of sound and disposing mind and memory, and we saw no evidence of fraud or undue influence." The attestation clause was signed by William M. Funcheon and R. E. Lybarger. The objection is raised that the testimony of the witness Funcheon was not sufficiently positive to entitle the will to probate. Mr. Funcheon was asked about his signature and he identified his own signature, the signature of Mr. Lybarger and the signature of Mr. Arthur Rutledge, and stated that he saw them sign and that they saw him sign; that they were all three in the room together; that when he, Mr. Funcheon, entered the room, Mr. Rutledge stood up and said he had made a will and that he wanted him, Mr. Funcheon, to sign it as a witness; that he may have possibly passed the time of day with Mr. Rutledge but had no other conversation with him. Mr. Funcheon was then asked if he had an opinion at that time, based upon his acquaintance with Mr. Rutledge and his appearance and the brief conversation he had had with him that day, whether or not Mr. Rutledge was competent to make a will. To that, Mr. Funcheon replied that Mr. Rutledge had the appearance of being all right, but as far as being competent was concerned, that no test

was made. He was then asked the direct question, "At that time did you believe him competent?" and his answer was, "His appearance was O. K. to me." He was then again asked the question, "Did you have an opinion as to whether he was competent to make a will?" and he answered, "That never entered my mind." That is the extent of the testimony of Mr. Funcheon as to the testamentary capacity of the testator. The appellant relies upon the case of Allison v. Allison, 46 Ill. 61, and Hill v. Kehr, 228 Ill. 204. In the Allison case, one of the witnesses to the will testified that he did not know whether Allison was of sound mind or not—he might have been or might not. The court in that case held that in the absence of testimony of the belief that the testator was of sound mind and memory, the statutory requirement had not been met. In the case of Hill v. Kehr, the attesting witness did not know the testatrix, did not know what he was signing, and did not know whether or not the testatrix was in her right mind at the time of the signing of the will, and answered that he had no reason to question that she was in her right mind because he did not know the lady. The court in that case held the testimony insufficient, because the witness was not questioned as to whether he believed the testatrix to be of sound mind and memory. If he had testified that he did, that would have been sufficient. If a witness entertains a belief, at the time of the execution of a will, that a testatrix is of sound mind and memory it will meet the requirements of the statute. A witness may form a belief that a testatrix is of sound mind and memory from seeing nothing in her appearance, manner and conduct different from other persons of sound mind. Dickie v. Carter, 42 Ill. 376; Hill v. Kehr, 228 Ill. 204. In this case, the witness Funcheon stated that Mr. Rutledge appeared "O. K." and had the appearance of being all right. It is not an absolute requirement that the witness make his declaration on oath in the words of the statute, but it is necessary

359

that the witness shall declare the thing which the statute says must be declared, a part of which is their belief, that at the time of the signing of the will the testator was of sound mind and memory. Hill v. Kehr, 228 Ill. 204; Bice v. Hall, 120 Ill. 597; Yoe v. McCord, 74 Ill. 33; Britt v. Darnell, 315 Ill. 385.

A case that is somewhat similar to this case is the case of Hart v. Hart, 290 Ill. 476. There the testatrix was accompanied by her daughter. A codicil was prepared by one I. J. Monahan, her attorney. There is no evidence that the daughter in any way suggested or had anything to say about the codicil or its contents. She was present just as the wife of Mr. Cleo Rutledge was present here. But that seems to be the extent of her participation. The codicil prepared by the attorney, Monahan, had an attestation clause in which it was recited that in the opinion of the three witnesses the testatrix was of sound mind and memory. Monahan's stenographer wrote up the will at the dictation of Monahan, and was allowed to testify as to her acquaintance with the testatrix and her belief as to the mental condition of the testatrix. In that case, Miss Brown, the stenographer, had no opinion, but her testimony was admitted for what it was worth. Two of the attesting witnesses testified that the testatrix was of sound mind and memory. The other, the attorney, Monahan, who drew the codicil, testified that in his opinion the testatrix was not of sound mind and memory and appeared to be under the influence of an opiate. The court in commenting on Monahan's testimony said that the codicil and its attestation clause was dictated and signed by Monahan as a voluntary witness, and that he evidently did not think the testatrix was mentally unsound at the time he signed the codicil as a witness, and if he did, it was his duty to not only refuse to attest the will but to refuse to draw it; that his later testimony was in direct conflict with the language of

the attestation clause signed by him. The court in that case admitted the codicil to probate.

■ It is not necessary that a testatrix or testator have an absolutely sound mind. It has been said that all that is required is for the testator to know what he owns and what he wants to do with it. All that is required is that he have sufficient mental ability to know and remember who are the natural objects of his bounty, to comprehend the kind and character of his property and to make disposition of that property according to some plan formed in his mind. Morecraft v. Felgenhauer, 346 Ill. 415.

■ In this case, we are of the opinion that the sound mind and memory of the testator, at the time of making the will, has been sufficiently established. While it is true that the witness Funcheon did not make the statement in so many words, that he believed the testator was of sound mind and memory, when we take into consideration his belief that Mr. Rutledge was of sound mind and memory, as contained in the attestation clause, his statement that Mr. Rutledge appeared "O. K.," and the bolstering of the attesting witnesses' testimony by Mrs. Kipling, the secretary of Mr. Lybarger, we are of the opinion that the requirements of the statute have been met. As has been said, it is not necessary that the words of the statute be used in the declaration of the witnesses. Yoe v. McCord, 74 Ill. 33; Bice v. Hall, 120 Ill. 597. All that is necessary is the inclusion of all the necessary facts.

■ The appellant objects to the testimony of Mrs. Kipling. Under the authority of Thompson v. Owen, 174 Ill. 229, her testimony was entirely proper. While the proponents of a will are limited to the attesting witnesses in the probate of a will in probate court, yet, when the matter is appealed to the circuit court, a different rule obtains and the proponent of a will may support it by any evidence competent to establish a will in chancery. Hill v. Kehr, 228 Ill. 204.

■ ■ We do not understand that Mrs. Kipling was called as an expert witness or attempted to qualify as such. We do not believe that in cases of this kind the proof would be limited to experts. Ordinary people, in every walk of life, who came into contact with the testator, who talked with him, observed his actions and his talk, could testify and give their opinion as to whether or not he was of sound mind or memory. The question is not one of admissibility but solely of the weight to be given such testimony. Here Mrs. Kipling was in the room with the testator and Mr. Lybarger. She heard the conversation, the questions and answers, and the directions given at that time. She had an opportunity to listen and observe the testator. Certainly her opinion that Mr. Rutledge knew what he was doing is competent and has weight.

The order of the circuit court should be, and is hereby, affirmed.

Affirmed.