MATILDA MORE

*v.*

JOHN MORE *et al.*

*Opinion filed October 24, 1904.*

1. APPEALS AND ERRORS—*when rulings on propositions of law cannot be reviewed.* Rulings of the trial court upon propositions of law will not be reviewed, on appeal, in a case wherein neither of the parties was entitled to a jury trial, since section 41 of the Practice act applies only to trials, by agreement, without a jury.

2. WILLS—*effect where subscribing witnesses to will are dead.* If the will appears to have been regularly executed and the signatures of the testator and of the deceased subscribing witnesses are proved to be genuine, the inference arises that the witnesses believed the testator to be of sound mind and memory, even though there is no recital to that effect in the attestation clause.

3. SAME—*when will is prima facie entitled to probate.* A will is *prima facie* entitled to probate although the subscribing witnesses are dead and there is no formal recital in the attestation clause that they believed the testator to be of sound mind and memory, where the will, on its face, appears to be regularly executed, the signatures of the testator and the witnesses are shown to be genuine, and there is proof that the testator, at the time the will was made, transacted intelligently the ordinary business affairs of life.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

JOHN FULLER, and GEORGE W. HERRICK, for plaintiff in error.

O. E. HARRIS, and E. B. MITCHELL, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the 15th day of October, 1898, the plaintiff in error produced in the county court of DeWitt county an instrument in writing purporting to be the last will and testament of one George More, together with her certificate and affidavit, duly subscribed and sworn to before the clerk of said county court, showing that the said George More departed this life on the 27th day of September, 1898. So much of the alleged will as is necessary to be here shown is as follows:

"In the name of God, amen. I, George More, of the county of DeWitt, in the State of Illinois, of the age of about fifty-four years, being of sound mind and memory and understanding but considering the uncertainty of this transitory life, do make and publish this my last will and testament in manner and form following, to-wit: (Here follow devises and bequests contained in four clauses not important to be recited.)

"And lastly, I nominate, constitute and appoint my said wife, Matilda More, to be the executrix of this my last will, hereby revoking all other wills by me made and declaring this and no other to be my last will and testament; and further, that my wife have the right to letters of executrix without giving bond.

"In witness whereof I have hereunto set my hand and seal this 17th day of June, A. D. 1881.

                         GEORGE MORE.   [L. S.]

Witnesses:   WM. FULLER, of Clinton, Illinois.
             JAS. A. WILSON, Clinton, Illinois."

It was proven that William Fuller and James A. Wilson, whose names appear as witnesses to said will, had each departed this life prior to the death of the said George More, deceased. Such proceedings were had in said county court as resulted in an order admitting the instrument to probate as the last will and testament of the said George More, deceased. From this order an appeal was prosecuted to the circuit court of DeWitt county, where, upon a hearing, it was adjudged that the evidence produced was insufficient to authorize the probate of the will, and an order was entered refusing probate thereof. This is a writ of error sued out of this court to bring the order of the circuit court into review.

It is unnecessary to consider whether the rulings of the trial court in holding and refusing propositions of law presented to him indicate that he held incorrect views of the principles of law involved in the contention, for the reason neither party to the proceeding was entitled to a trial by jury, and therefore the practice of presenting propositions to be held as the law of the case, under section 41 of the Practice act, had no application to the case. *Martin* v. *Martin,* 170 Ill. 18.

Section 2 of chapter 148, entitled "Wills," (Hurd's Stat. 1903, p. 1905,) declares what shall be required to be done and proven in order to entitle a will to be probated in cases where the attesting witnesses are living. Section 6 of the same chapter provides for the proof necessary to be made where any one or more of the attesting witnesses shall have died. Said section 6 is as follows: "In all cases where any one or more of the witnesses of any will, testament or codicil, as aforesaid, shall die, be insane, or remove to parts unknown to the parties concerned, so that his or her testimony cannot be procured, it shall be lawful for the county court or other court having jurisdiction of the subject matter, to admit proof of the handwriting of any such deceased, insane or absent witness, as aforesaid, and such other secondary evidence as is admissible in courts of justice, to establish written contracts generally in similar cases; and may thereupon proceed to record the same, as though such will, testament or codicil had been proved by such subscribing witnesses, in his, her or their proper persons." We think the proof submitted on the hearing in the circuit court met the requirements of the provisions of said section 6, and that the trial court erred in refusing to admit the will to probate.

No testimony was offered except that produced in behalf of the plaintiff in error. It appeared from the proof that the will bore the genuine signature of the said George More, deceased, as the maker thereof, and also the genuine signatures of the said William Fuller and James A. Wilson as witnesses thereto; that the body of the will was in the handwriting of

the witness William Fuller, and that the word "witnesses" was also in the handwriting of said Fuller; that both of said witnesses were dead and had died prior to the death of the testator, the maker of the will; that said Fuller was a lawyer and had been for many years engaged in the practice of his profession; that James A. Wilson was a well known citizen of DeWitt county and had served for several terms as county treasurer of the county. The contention of the defendants in error is that there was no proof whatever that the testator was of sound mind and memory when he signed the will, or that the witnesses signed in the presence of each other or in the presence of the testator or at his request, as they contend is required by the statute to be proven.

In *Hobart* v. *Hobart,* 154 Ill. 610, we said (p. 614) : "The death of the witness merely changes the form of the proof. It permits secondary evidence to be introduced of the due attestation and execution of the will. The attestation is then to be shown, as it would be in case of deeds, by proof of the handwriting of the witness. As to him it is to be presumed that he duly attested the will in the presence of the testator."

Out of the evidence in this case the presumption arose that the witnesses duly attested the will in the presence of the testator. If a perfect and formal attestation clause, reciting that all statutory requirements had been complied with, had been signed by the attesting witnesses, the presumption of regularity and compliance with statutory requirements would have arisen and warranted the admission of the will to probate. (1 Underhill on Wills, 275, 276; 29 Am. & Eng. Ency. of Law,—1st ed.—199.) It is not indispensable, however, that the witnesses shall sign a formal clause of attestation. (*Robinson* v. *Brewster,* 140 Ill. 649.) The attestation clause may consist of a single word, as "witness," "attest" or "test," or there may be no words at all. (*Robinson* v. *Brewster, supra;* 1 Redfield on Wills, 132.) In case of the death of the witnesses to a will which on the face thereof appears to have been regularly executed and is shown to bear the genuine signatures of the testator and the wit-

nesses, compliance with the statutory requirement is to be presumed, in the absence of express recitals to that effect. 1 Jarman on Wills, pp. 219, 220.

The act of attestation of a will is not merely to witness the mere fact that the testator signed the will or acknowledged that he had signed the same, but the attention of the witnesses is called, by the act of attestation, to the mental condition of the testator and as to whether he is possessed of a sound, disposing mind, and, therefore, if the will appears on the face thereof to have been duly executed and it is proven that the signatures thereto are the genuine writing of the maker and the witnesses, if the attesting witnesses be dead an inference arises, from the mere fact of attestation, that the witnesses believed that the testator possessed testamentary capacity at the time of the execution of the will, though there be no formal recital to that effect. (29 Am. & Eng. Ency. of Law,—1st ed.—205.) This inference fairly arose in the case at bar, and was supplemented by the testimony which disclosed that the deceased, at the time of making the will, transacted, intelligently, ordinary business affairs of life. It was therefore established *prima facie* by the proof, and the inferences and presumptions legally arising therefrom, that said George More signed the said will in the presence of the said witnesses; that they signed it as witnesses in the presence of the testator and in the presence of each other as attesting witnesses; that they believed him to be of sound and disposing mind and that he in fact had sufficient mental capacity to execute a will.

The will should have been admitted to probate. The order of the circuit court will therefore be reversed and the cause will be remanded to that court, with directions to enter an order admitting the instrument to probate as the last will and testament of the said George More.

*Reversed and remanded, with directions.*