DANIEL TORRY ELSTON *et al.* Appellants, *vs.* JOHN R. MONTGOMERY, Admr., *et al.* Appellees.

*Opinion filed October 26, 1909—Rehearing denied Dec. 21, 1909.*

1. WILLS—*statute does not require the testatrix to acknowledge signature.* In order to entitle a will to probate it is not necessary to prove that the attesting witnesses saw the testatrix sign the will or that the testatrix acknowledged the signature to be hers,, and it is sufficient if it is proved that she acknowledged the will to be her act and deed.

2. SAME—*testatrix need not sign will by her own hand.* The statute does not require that a will be signed by the testatrix in her own hand, and it is sufficient if her name be signed by some other person at her direction, and that she subsequently, in the presence of witnesses, acknowledges the will as her act and deed.

3. SAME—*clause "I have hereunto set my hand and seal" does not import personal signature.* The fact that a will contains the clause, "I have hereunto set my hand and seal," does not necessarily import that the testatrix signed the will with her own hand nor require that the signature be proved to be in her handwriting, even though the attesting witnesses are dead when the will is offered for probate.

4. SAME—*what proof is prima facie sufficient where witnesses are dead.* Where the attesting witnesses to a will are dead, proof of the genuineness of their signatures to an attestation clause reciting that the testatrix acknowledged the instrument to be her act and deed in the presence of such witnesses, who signed their names at her request and in her presence and in the presence of each other, is *prima facie* sufficient to establish the will without proving the genuineness of the signature of the testatrix.

5. SAME—*effect of proof that signature to will was not in the handwriting of testatrix.* Where the attestation clause signed by the witnesses, who are both dead, recites that the instrument was acknowledged by the testatrix, in their presence, to be her act and deed, proof tending to show that the signature to the will was not in the handwriting of the testatrix does not tend to overcome the *prima facie* case made by the attestation clause and the proof that the signatures of the witnesses were genuine.

6. SAME—*presumption where no reason exists for not personally signing will.* While the presumption would be that a person able to write and under no physical disability would personally sign her will, yet in the absence of proof that no reason existed for her not so signing the will there is no such presumption that

no reason did exist as will overcome an attestation clause reciting that she acknowledged the will as her act and deed.

7. SAME—*effect where recital of attestation clause that testatrix signed will is untrue.* Proof that the testatrix, in the presence of the attesting witnesses, acknowledged the instrument to be her act and deed is *prima facie* sufficient to establish the will, even though the attestation clause may contain a recital, which is shown to be untrue, that she signed in the presence of such witnesses.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

The bill in this case was filed by appellants in the circuit court of Cook county to contest the will of Blanche S. Clarke, deceased. Appellants are children of a deceased brother of the testatrix and her only next of kin and heirs-at-law. The will purports to have been executed August 19, 1874. At that time the testatrix was a married woman living with her husband. They never had any children born to them. Testatrix was at the time the owner, it is said by counsel, of property of the value of about $250,000, which increased in value until at her death, May 19, 1907, it was worth in the neighborhood of $1,000,000, and that all of it was inherited originally by testatrix from her father. By her will Blanche S. Clarke provided for the payment out of her estate to her mother of $1000 annually during the mother's life, and $10,000 to her brother, Daniel T. Elston, father of appellants, to be paid to him in ten annual installments of $1000 each, but in case of the death of said Daniel T. Elston before the full amount of $10,000 had been paid him, said bequest was to be ended and no further payments made to anyone thereunder. Daniel T. Elston died prior to the death of the testatrix. All the rest of her property she gave to her husband, Robert R. Clarke, who was named in the will as executor thereof. Robert R. Clarke died August 7, 1907, a little less than three months after the death of his wife. The will of Blanche S. Clarke was admitted to probate on the 28th day of October, 1907,

and letters of administration with the will annexed were granted to the appellee John R. Montgomery. Robert R. Clarke left a will, in and by which he disposed of all his property. His will was admitted to probate on the 16th day of September, 1907, and letters testamentary issued to the persons named therein as executors. Said Robert R. Clarke left no property by his will to any of the relatives of his deceased wife. The grounds of the contest of the will of Blanche S. Clarke, as alleged in the bill, are, that the pretended will was never signed by Blanche S. Clarke; that it was never signed by her in the presence of the persons whose names are subscribed to it as witnesses, and that it was never acknowledged by her to be her act and deed in the presence of said witnesses, wherefore, it is alleged, said Blanche S. Clarke left no last will and testament.

Appellees answered the bill, denying the material allegations thereof as to the execution of the will, and after replication was filed to said answer a jury was empaneled to try the case, and an issue was made up and submitted, "Is the writing produced and read in evidence the last will of Blanche S. Clarke, deceased, or not?" Both the attesting witnesses to the will were dead and had been for many years before testatrix died. The attestation clause to the will and signatures thereto were in the following words:

"Signed, sealed, published and declared as and for her last will and testament by the above named testatrix, Blanche S. Clarke, and declared by her to be her last will and testament in our presence, who in the presence of the said testatrix, and at her request and in the presence of each other, have hereunto subscribed our names as witnesses.

GEO. I. WATERMAN,
WM. A. MONTGOMERY."

Appellees introduced evidence to prove that the signatures of the witnesses were their genuine signatures, and that they were credible, honorable men. Appellants conceded that the signatures were genuine and stated they had no intention of trying to show the contrary. The will and attestation clause were also offered in evidence by appellees,

and eight witnesses called by them testified that in their opinion the signature to the will was in the handwriting of Blanche S. Clarke. Fifteen witnesses called by appellants testified that in their opinion the signature was not in the handwriting of Blanche S. Clarke. At the conclusion of the testimony the court directed the jury to return a verdict that the writing produced and read in evidence was the last will and testament of Blanche S. Clarke, deceased. The jury returned a verdict accordingly, and after overruling a motion to set aside the verdict and for a new trial the court entered a decree upon the verdict, dismissing the bill. To reverse that decree this appeal is prosecuted.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellants.

LOUIS E. HART, and EDW. S. WHITNEY, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellants say in their brief that the grounds of the contest of the will of Blanche S. Clarke are, that the writing offered in evidence was not her will for the reasons "(1) that the will was not signed by her, as required by law; (2) that it was not acknowledged by her in the presence of the subscribing witnesses, as required by law."

It is contended by appellants that it was incumbent upon appellees to prove that the signature of the testatrix to the will was in her genuine handwriting, because it recites, "In testimony whereof I have hereunto set my hand and seal." It is also contended that as the will was required by law to be signed by the testatrix by her own hand, or by someone for her in her presence and at her direction, "when the witnesses are dead the signature must be proved before the full presumption arises that the will was duly executed."

When the witnesses to a will are alive and their testimony can be procured, a will may be proved, on application

to admit it to probate, by the oath or affirmation of the witnesses "that they were present and saw the testator or testatrix sign said will, testament or codicil in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same." (Hurd's Stat. 1908, chap. 148, sec. 2.) Section 6 of the same chapter provides that when one or more of the witnesses are dead, or for other reasons mentioned his or her testimony cannot be procured, the county court may "admit proof of the handwriting of any such deceased, insane or absent witness, as aforesaid, and such other secondary evidence as is admissible in courts of justice, to establish written contracts generally in similar cases; and may thereupon proceed to record the same, as though such will, testament, or codicil has been proved by such subscribing witnesses, in his, her or their proper persons."

Appellants take the position that "secondary evidence" referred to in section 6 is the next best evidence obtainable to that of the subscribing witnesses if they were alive and present, and means that proof should have been made that the signature of testatrix was in her handwriting. There would be force in this position if it were required, in order to make a valid will, that it be signed by the testator or testatrix in his or her own hand. The law makes no such requirement. The name of the testator or testatrix may be signed by someone else by his or her direction, and if it is acknowledged in the presence of two witnesses to be his or her act and deed it is as valid as if he or she had signed it with his or her own hand. It will be seen by section 2 of the statute above quoted, that where the witnesses are alive, proof of the will may be made by the oath or affirmation of the witnesses that they saw the testator sign it, or by the oath or affirmation of said witnesses that he acknowledged it to be his act and deed.

In *Hobart* v. *Hobart,* 154 Ill. 610, it was held that the death of a subscribing witness merely changes the form of the proof and permits secondary evidence of the attestation and execution of the will. The court referred to the fact that the statutes of some States require the signature of the testator to be acknowledged, but holds the decisions in those States are not applicable in this State because the statute only requires the testator to acknowledge the will to be his act and deed, and does not require that in addition thereto he shall acknowledge the signature to be his. The court said: "Proof of the handwriting of the deceased witness is *prima facie* sufficient, especially where the signatures of the witnesses are attached to an attesting clause that the will or codicil was written, signed and sealed in their presence. * * * Where the testator declares to the witnesses that the instrument is his will or requests them to attest his will, such declaration or request implies that the same has been signed by him." In that case there was proof that the signature to the will was in the handwriting of the testator, and the court said it was unnecessary to decide whether section 6 above quoted, required in all cases other proof besides proof of the handwriting of the deceased witnesses.

In *More* v. *More,* 211 Ill. 268, both witnesses to the will were dead when it was sought to prove it for admission to probate. There was no attestation clause written out to which the witnesses' names were subscribed, as is the case with the will with which we are now dealing. Proof was offered of the genuineness of the signature of the testator to the will and also of the signatures of the witnesses thereto. The court held that this raised the presumption that the will was duly attested by the witnesses in the presence of the testator, and said: "If a perfect and formal attestation clause reciting that all statutory requirements had been complied with had been signed by the attesting witnesses, the presumption of regularity and compliance

with statutory requirements would have arisen and warranted the admission of the will to probate."

In *In re Estate of Kohley,* 200 Ill. 189, a controversy arose on the application of the admission of the will to probate whether the testatrix signed it in the presence of the witnesses or acknowledged it to be her act and deed. The testimony was contradictory, and the evidence of one of the witnesses to the will tended to show that she did neither. In discussing the evidence the court said that the statements of the attestation clause should have due weight.

In *Webster* v. *Yorty,* 194 Ill. 408, it was said: "Proof of either signing or acknowledging a will in the presence of witnesses is sufficient, and it is not even necessary that the subscribing witnesses know that the instrument is a will." To the same effect are *Harp* v. *Parr,* 168 Ill. 459, and *In re Will of Barry,* 219 id. 391.

In *Gould* v. *Theological Seminary,* 189 Ill. 282, it was said (p. 292) : "It is not necessary that the attesting witnesses see the signature of the testator upon the face of the will, that they know the instrument they are witnessing to be a will, or that an acknowledgment of the signature be made to them by the testator. The statutory requirement is satisfied if the testator acknowledge the execution of the will. And such acknowledgment need not be in language. Any act, sign or gesture of the testator will suffice which indicates an acknowledgment of the will with unmistakable certainty,"—citing cases.

It seems clear from the statute and the foregoing decisions that if the witnesses to the will in controversy had been alive and personally present it would not have been essential to the proof of said will that they make oath or affirmation that the signature of the testatrix was in her handwriting. Oath or affirmation of the witnesses that she acknowledged it to be her act and deed is a compliance with the statute in proving the will. If proof of the handwriting of the signature is not required to be made where the

witnesses are alive and present, we see no reason for requiring such proof where the witnesses are dead, and in our opinion the secondary evidence referred to in section 6 of the statute cannot be held to mean that proof of the handwriting must be made. It not infrequently happens, as will be seen from some of the cases before referred to, that the witnesses are called to attest a will after it has been written and signed by the testator and do not see the signature when they attest the will, nor is any mention made of its having been signed at the time of its attestation. Obviously, in such cases the witnesses could not swear to the signature of the testator, and yet if he acknowledged it to be his act and deed in the presence of the witnesses and at his request they attested it, it would be a compliance with the statute. It will be observed from the decisions above cited, that where the witnesses' names are signed to an attestation clause, reciting that all the requirements of the statute necessary to the valid execution of a will have been complied with, due weight should be given it, and from it the presumption arises that the statute has been complied with, and that in such cases, when the witnesses are dead, proof of their signatures is *prima facie* sufficient to establish the will. We do not understand the attestation clause to the will here involved purports to state that it was signed by the testatrix in the presence of the witnesses or that the signature of the testatrix was acknowledged to be in her handwriting. Said attestation clause recites that the will was signed, sealed, published and declared as and for her last will and testament by Blanche S. Clarke, "and declared by her to be her last will and testament in our presence, who in the presence of said testatrix, and at her request and in the presence of each other, have hereunto subscribed our names as witnesses." While said clause recites that the instrument was signed by the testatrix, it does not say that it was signed by her own hand or that it was signed in the presence of the witnesses. It does recite that she acknowl-

edged it to be her act and deed in their presence and requested the witnesses to attest it. In our opinion, however, it would have made no difference even if the attestation clause had recited that the testatrix signed the will in the presence of the witnesses, if she acknowledged it in their presence to be her act and deed, proof of that fact was sufficient *prima facie* to establish the will, even if the recital that she signed it in their presence was untrue.

We are of opinion that proof of the signatures of the deceased witnesses to the attestation clause, reciting that the testatrix acknowledged the instrument to be her act and deed in their presence and at her request, and in her presence and in the presence of each other they subscribed their names as witnesses, was sufficient, *prima facie,* to establish the due execution of the will without further proof of the handwriting of the signature of the testatrix. Such proof is, of course, not conclusive, but may be overcome by testimony showing that the will was, in fact, not executed by the testatrix.

*Morrell* v. *Morrell,* 157 Ind. 179, relied on by appellants, is not, we think, conclusive in appellants' favor, as contended. That case was not, as stated by counsel, a will contest, but was an application to admit the will to probate. The persons whose names were subscribed as witnesses to the alleged will were dead. The sole heir of the alleged testator filed objections in writing to the admission of the will to probate, verified by affidavit, in compliance with the statute of Indiana. The objections were, that the will was not made, signed, executed or acknowledged by the alleged testator; also, that the persons whose names appeared to the instrument as witnesses did not sign it as witnesses. The court held that under the issue thus presented the burden rested on the proponents of the will to prove its execution, and that proof of the signatures of the witnesses was not sufficient but they were required to prove the signature of the testator also. The court said that after a

will was admitted to probate it was impressed with *prima facie* validity, but that when its execution was denied under oath before probate there were no legal presumptions in its favor. That decision was based on the issues made under the Indiana statute in such cases, and cannot be of controlling force in the decision of this case.

The question then arises, appellants having offered testimony tending to show that the signature to the will was not in the handwriting of the testatrix but no testimony having been offered that she did not acknowledge the instrument to be her act and deed, was the court justified in directing a verdict in favor of the appellees? We are of opinion this inquiry must be answered in the affirmative. Whether the testatrix signed the will with her own hand or whether someone else wrote her name to the instrument at her request and direction was immaterial, if she acknowledged it to be her act and deed. This the proof *prima facie* showed she did do, and proof that the signature was not in the handwriting of the testatrix did not tend to overcome this *prima facie* case.

It is insisted that as the proof tends to show the testatrix was in good health at the time the will purports to have been executed; that she was an intelligent and educated woman and wrote a good hand, together with the further proof that her husband, the chief beneficiary in her will, officed with the witnesses to it at the time of its purported execution; that it purports to have been executed thirty-four years before the death of the testatrix and that both of said witnesses died many years before the death of the testatrix, such doubt of the instrument being the will of Blanche S. Clarke arose that it became and was the duty of the court to submit the question to the jury. If it be conceded that the weight of the evidence tends to show that the signature to the will was not in the handwriting of the testatrix this did not tend to overcome the *prima facie* proof, as we have before stated, that she acknowledged the

will to be her act and deed. What testatrix's physical condition was on the day the will was executed, and whether any reason existed for her not signing her name to it, if she did not sign it, is not shown by the evidence. True, one witness testified, on direct examination, that she was in good health on the day the will bears date, but on cross-examination he states that there was no circumstance which enabled him to recall Mrs. Clark's condition of health on that day; that he merely thought she was in good health, but did not know. The presumption would be that a person able to write and under no physical disabilities would sign his own name to his will, but in the absence of proof that no reason existed for the testatrix not signing her own name, there is no such presumption that none did exist as would overcome the attesting clause that she acknowledged it as her act and deed. Her ability to write would not be a circumstance tending to invalidate the will if her name were signed to it at her direction by somebody else and she ratified and adopted the signature and acknowledged the instrument to be her act and deed. Neither does any other proof offered by appellants, in our judgment, tend to overcome the *prima facie* case made by appellees that the will was acknowledged by the testatrix to be her act and deed.

The clause in the will, "I have hereunto set my hand and seal," does not necessarily import that the testatrix had signed her name with her own hand. It became "her hand" if her name was written by someone else at her direction, to the same extent as if she had written it with her own hand. It means no more than that she had signed her name, or caused it to be signed, to the instrument and her seal made. In either event the signature would be a valid signature. *Crumrine* v. *Crumrine*, 43 N. E. Rep. 322; *Sinnott* v. *Louisville and Nashville Railroad Co.* 56 S. W. Rep. 836; *Hamilton* v. *State*, 2 N. E. Rep. 299.

In our opinion the action of the circuit court in directing a verdict was correct, and the decree is affirmed.

*Decree affirmed.*