In the Matter of the Estate of Lyman W. Hayhurst, Deceased.
John B. Hayhurst and Jerome A. Hayhurst, Appellants, v. Clara Jones, Appellee.

Gen. No. 6,664.

1. JURY, § 10*—*right to jury trial in proceedings to probate will.* In proceedings to probate a will, neither the proponents of the will nor those opposed are entitled to a trial by jury.

2. APPEAL AND ERROR, § 1387*—*how evidence on appeal from probate of will reviewed.* On appeal from a judgment admitting a will to probate, the evidence presented to the lower court by which the case was heard is reviewed, not with reference to the question of errors in admitting or excluding it, but to ascertain whether there is sufficient legal, competent evidence to sustain the judgment.

3. WILLS, § 137*—*necessity of producing subscribing witnesses.* The proponents of a will are bound to produce the subscribing witnesses.

4. WILLS, § 143*—*what evidence is sufficient to establish will.* On proceedings to probate a will, where the subscribing witnesses are called, their proven signatures are introduced and their signatures to the attesting clause are proven by comparison; the testator's signature is proven by other than the subscribing witnesses; he is shown to have been of sound mind and disposing capacity at, before and after the date of the will; circumstances are proved showing that the disposition of the property was the one which reasonable people would expect him to make, and declarations by the testator that he had disposed of his property in such manner are shown, such evidence is sufficient to establish the will.

5. WILLS, § 143*—*when finding as to genuineness of signatures of subscribing witnesses will not be disturbed.* On appeal from a judgment in probate proceedings to establish a will, where the evidence is conflicting as to the genuineness of the signatures of the subscribing witnesses, the latter denying such signatures and that they were present when the will was executed, and evidence of experts and by comparison of handwriting showing the genuineness of such signatures, and there being further evidence to show that the will was that of the testator, and no evidence to support a motive for forgery being introduced, the finding of the lower court in favor of the genuineness of their signatures will not be disturbed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6.  WILLS, § 156*—*what evidence admissible in Circuit Court to prove execution of will.* While the fact that the persons whose names appear as subscribing witnesses to a will, executed and attested in compliance with law, deny the genuineness of their signatures may prevent proof by their evidence of the execution of the will and prevent its probate in the County Court, such fact does not prevent such proof being made by other competent evidence on appeal to the Circuit Court.

7.  SIGNATURES, § 3*—*when proof by comparison permitted.* The rule which formerly existed under which the genuineness of a signature could not be proven by comparison unless the standards had been in evidence for some other legitimate purpose or at least among the files of the case as a part of the record, has been changed by the act of 1915 [L. 1915, p. 440, Call. 1916 Stat. ¶ 5566(1) *et seq.*] which permits comparison with writings admitted to be genuine by the parties or proven to be genuine to the court's satisfaction.

8.  APPEAL AND ERROR, § 1466*—*when admission of evidence to prove handwriting is not reversible error.* The fact that no notice or opportunity for examination of the introduction in evidence of standards for the comparison of handwriting was given as provided by the act of 1915 [L. 1915, p. 440, Call. 1916 Stat. ¶ 5566(1) *et seq.*] is not ground for reversal where the standards were identified in the first part of the trial but were not offered until later, no objection on the ground of want of notice and request for examination was made, and it was apparent that the genuineness of the signatures could not be disputed.

9.  APPEAL AND ERROR, § 1466*—*when admission of evidence to prove genuineness of signature is not reversible error.* Though, in a proceeding to probate a will, it is not proper to admit in evidence photographs of signatures used by witnesses who testified they had examined the originals and the photographs and testified from the examination, where there is no proof of their genuineness, the proceeding having been heard by the court, the admission of such evidence is not material.

10.  WILLS, § 159*—*who bound by judgment of Circuit Court on appeal from refusal of probate.* Where several persons opposed the probate of a will in the County Court and the record on appeal to the Appellate Court shows that an appeal was taken to the Circuit Court from the judgment refusing probate and the "contestants" appeared there, without naming them, all those opposing probate below were bound by the judgment of the Circuit Court, including one who did not actively appear in the latter court.

11.  APPEAL AND ERROR, § 1035*—*when question of costs not reviewed.* Where, on appeal from a judgment of the Circuit Court ad-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

mitting a will to probate, the only assignment of errors is that the court erred in finding the will to be the last will and testament of the decedent, appellants cannot complain of the disposition of costs below.

Appeal from the Circuit Court of Kankakee county; the Hon. AR-THUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 14, 1919.

E. P. HARNEY and H. H. WHEELER, for appellants.

JOHN F. HIGGINS, for appellee; CHARLES H. BRYCE, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

Lyman W. Hayhurst, unmarried, a resident of Kankakee county, Illinois, died there November 18, 1916, leaving surviving as his only heirs at law two sisters, Nancy E. Lyons and Clara Jones, and three brothers, John B., Jerome A. and Edward L. Hayhurst, all adults. He left an instrument purporting to be his last will and testament, regular on its face, executed July 10, 1907, and witnessed by Theo. E. Hamilton and Roy Conrad, who were at that date near neighbors of his sister, Nancy E. Lyons, with whom he lived. The attesting clause reads as follows:

"The above instrument, consisting of two sheets, was now here subscribed by Lyman W. Hayhurst, the testator, in the presence of each of us; and was at the same time declared by him to be his last Will and Testament, and we, at his request, signed our names thereto in his presence as attesting witnesses.

Theo. E. Hamilton, of Sherburnville
Roy Conrad, of Sherburnville."

Excepting names and dates it is literally the same as that under consideration in *Hutchison v. Kelly*, 276 Ill. 438, omitting in its recitals any mention of the testator's mental capacity. The will named the two sisters, Nancy E. Lyons and Clara Jones, as sole bene-

ficiaries and executors. Nancy E. Lyons presented this instrument with a petition for probate in the County Court, averring in the petition that the decedent died seized of personal property estimated to be worth $1,900. In the absence of anything in the record to the contrary, we assume he left only personal property.

The subscribing witnesses appeared, each denied his signature to the attesting clause, probate was refused, and an appeal taken to the Circuit Court by Clara Jones. The case was there heard by the court, as provided in section 13 of our act on wills (J. & A. ¶ 11554), which permits the party seeking probate to introduce any evidence competent to establish a will in chancery. (*Kaul v. Lyman,* 259 Ill. 30.) Probate was there allowed, and this appeal from that judgment is prosecuted by Jerome A. and John B. Hayhurst.

Appellants argue that there was error in admitting improper testimony, but their abstract of the record does not show that the court ruled, or was asked to rule, on the competency of any evidence offered. Appellants offered no testimony, therefore there is no question of excluding evidence. Neither party was entitled to a trial by jury. (*Schofield v. Thomas,* 236 Ill. 417, 421.) And even were we to examine the record to find objections to the rulings of the court in admitting evidence, still the only question on the proofs would be whether there is sufficient legal competent evidence to sustain the judgment. (*Goelz v. Goelz,* 157 Ill. 33; *Coffey v. Coffey,* 74 Ill. App. 241.)

It appears from the bill of exceptions that the "proponents" and "defendants" each appeared by counsel. The proponents were bound to produce the subscribing witnesses. (*Thompson v. Owen,* 174 Ill. 229; *In re Simon's Will,* 266 Ill. 304.) They called each of them and identified by him his signature and handwriting on several papers to be used as standards of comparison of handwriting. Conrad also in the pres-

ence of the court wrote his name and one or more sentences. Then proponents called several experts on handwriting. Hamilton's signature to the attesting clause was fully identified, not only by comparison with his signature so proven, but also by witnesses theretofore acquainted with his handwriting. Conrad's signature was identified by comparison with his proven signature on the papers introduced as standards of comparison. The signature of the testator was proven by witnesses other than Hamilton and Conrad; also that he was of sound mind and disposing capacity at and before and after the date of the will.

It further appeared that the testator made his home with his sister, Mrs. Lyons; that at the date of the will there was a Hayhurst family quarrel with a suit pending in court, in which the three brothers were antagonistic to the testator and his two sisters; that the family differences existed thereafter to some extent during the testator's life, and he had relied upon one or both of his sisters for a home and aid in sickness. In short, that it was such a disposition of his property as reasonable people knowing the circumstances would presume he would desire. A lawyer who had acted for testator in the lawsuit testified that shortly after the date of the will he left it with him to keep, telling him what it was, and that he did keep it until after his death. Other declarations of the testator were shown to the effect that he had made a will giving all his property to his two sisters. Sufficient evidence was introduced to establish the will under the authority of *Thompson v. Owen, supra; Mead v. Trustees of Presbyterian Church,* 229 Ill. 526; *Elston v. Montgomery,* 242 Ill. 348; *Flynn v. Flynn,* 283 Ill. 206. But the proponents again called the subscribing witnesses, Hamilton and Conrad, and examined each of them, and each denied his signature to the attesting clause, and each denied that he was present when the will was executed. Their testimony is not clear; they were

confused and mistaken in their recollection of events occurring about that time, and probably to some extent in sympathy with the brothers in the family feud. Assuming the competency of the expert testimony on handwriting, which we will notice hereafter, it was a question of fact for the court to determine by weighing the conflicting testimony whether the signatures of Hamilton and Conrad to the attesting clause were genuine. We believe they were. It may be they were testifying on the theory that if they could not remember the transaction it never occurred. There is nothing in the record to suggest a motive for any one to forge those signatures. It is extremely improbable that it was done. The court not only saw the witnesses and heard them testify, but he saw Conrad write; saw the signatures of Conrad and Hamilton that they each admitted in his presence were genuine. These writings have not been certified to this court. The presumption is that they supported the finding of the trial court. We think it shown by the preponderance of the evidence that the attesting clause was signed by those witnesses.

We know of no Illinois reported case where the attesting witnesses denied their signatures, but there are several where they admitted the signatures and denied all recollection of the event. The authorities are reviewed in *Thompson v. Owen, supra,* followed in *Flynn v. Flynn, supra,* with citation of later Illinois cases, among them *Elston v. Montgomery, supra,* where, as in the present case, the attesting clause omitted all mention of testamentary capacity; and *More v. More,* 211 Ill. 268, where there was no attesting clause written out, and proof of the genuineness of the attesting witnesses' signatures was held to raise the presumption that the will was duly attested, and create an inference that the witnesses believed the testator possessed testamentary capacity at the time of the execution of the will. *Mead v. Trustees*

*of Presbyterian Church, supra,* is another case where there was no attesting clause. Proof was there made by other than the attesting witnesses that the testator was of sound mind and memory, and of the genuineness of his signature. The court noted that the case differed from those where there was an attesting clause reciting all the necessary facts, but said a formal attesting clause was not necessary, and that evidence found in the record clearly supplied the presumption arising from the presence of such a clause. Those cases read together mean that when signatures to the attesting clause are admitted or proven, they are prima facie evidence of the essential recitals there found, but in the absence of an attesting clause, or of such recitals therein, the necessary facts may be shown by other competent evidence; and while our courts heretofore have not dealt with a case precisely like this where the attesting witnesses deny their signatures, still they have repeatedly in the cases before cited indorsed holdings of other courts that the probate of a will does not depend upon the recollection or even the veracity of a subscribing witness. If a will is executed and attested in compliance with the statute, the death, forgetfulness or fraud of one or both of the attesting witnesses may prevent proof by their evidence of the execution of the will, and sometimes prevent its probate in the County Court, but on appeal to the Circuit Court such proof can be made by other competent evidence.

Appellants insist that the signature of the subscribing witnesses could not be proven by comparison with the documents introduced and used for that purpose. Before the act of 1915 such papers must have been in evidence for some other legitimate purpose, or at least among the files of the case as a part of the record. (*Green v. Jennings,* 184 Ill. App. 340, 346, citing Illinois cases.) That rule is stated and discussed in *Stitzel v. Miller,* 250 Ill. 72, 77. The act of 1915 (Session

Laws of 1915, page 440) broadens the rule and permits comparisons with writings admitted to be genuine by the parties against whom the evidence is offered, or proved to be genuine to the satisfaction of the court. The writings used here were proven beyond question to be genuine, but the statute further provides that before such standard shall be admitted in evidence for comparison such notice thereof as under all the circumstances of the case is reasonable shall first be given the opposite party, or his attorney, and a reasonable opportunity to examine such proposed standard shall, on motion duly made, be accorded the opposite party, his attorney and witnesses, prior to the introduction in evidence of such standard. Appellant's complaint is that there was no notice of the intended introduction of those standards. They were identified in the first part of the trial and not offered until some time later. There was no objection or suggestion then of want of notice, and no motion or request that time be given to examine the papers. It was evident that the genuineness of the writing could not be disputed, and if appellants had desired time to examine them and compare them with the signatures to the attesting clause of the will, or procure witnesses to testify after such comparison, they should have asked it. They cannot now be heard to complain that the court did not, of his own motion, give them further time to examine those papers when their conduct on the trial indicated they had no such desire.

In the course of the trial some photographs of signatures were used by the witnesses who said they had examined the originals and the photographs, and testified from such examination. These photographs were admitted in evidence. Appellants say there was no proof of their genuineness, and therefore they were not competent evidence, which we think is true. But it was a hearing before the court where the admission of incompetent evidence did not much matter.

The photographs were used in much the same way that a microscope might have been with witnesses testifying that they had examined the original signature, and examined it magnified by the glass. The court could have used the glass himself, and he very likely looked at these photographs. It would matter little whether the record showed the glass admitted in evidence or not.

One of the brothers, Edward L. Hayhurst, is said by appellants not to have appeared in the Circuit Court. Judgment was there entered against him with the other two brothers for costs. The record shows that the "contestants" appeared in the Circuit Court, without naming them. Edward was in court and bound by that judgment whether he actively appeared or not. John B. and Jerome A. only assign errors here. They were not harmed by including Edward in the judgment for costs, and the only complaint as to the judgment in their assignment of errors is that the court erred in finding the will to be the last will and testament of Lyman W. Hayhurst, deceased; therefore there is no question presented here as to the disposition of costs. Finding no error in the record, the judgment is affirmed.

*Affirmed.*